### JONES v WHALEY et

Ohio Common Pleas, Athens Co

Decided March 1, 1937

Jones, Jones & Erskine, Athens, and Woolley & Rowland, Athens, for plaintiff.

Wood & Williams, Athens, M. D. Hughes, Athens and John W. Bolin, Athens, for defendant.

## OPINION

By ROWLAND, J.

This matter is now before the court for its consideration on the demurrer of the defendant to the reply of the plaintiff.

Petition in this case was filed January 25, 1935. Amended petition was filed March 2, 1935. Amended answer of Nora Whaley was filed April 18, 1935. Reply was filed August 7, 1935 and refiled January 30, 1936.

To this reply a demurrer was filed December 11, 1936, it being the purpose of counsel representing all parties to have the subject matter of this action determined on a question of law and avoid the expense of a trial. being on the theory that in the end the law question would be presented for the court's determination.

It is the claim of the defendants that the subject matter of this action is res adjudicata, as to William D. Whaley.

The pleadings themselves did not contain enough allegations in the judgment of the court to sufficiently raise the question on demurrer. Whereupon, counsel for the parties entered into a stipulation for the purpose of supplementing the pleadings wherein the court might consider said stipulations along with the pleadings in passing upon the question as to whether the subject matter was res adjudicata.

The defendants, William D. Whaley and Nora Whaley are husband and wife. Roger J. Jones is administrator of the estate of Delilah Whaley deceased. The said Delilah Whaley died in June, 1933, and shortly after her death Mr. Jones was appointed such administrator. On August 7, 1933, he filed his complaint as such administrator charging William D. Whaley had concealed, embezzled or conveyed away moneys, goods, chattels, things in action or effects of said Delilah Whaley, deceased, in cause No. 13627 in the Probate Court of Athens County, Ohio. Under this complaint the defendant, William D. Whaley was cited to appear forthwith before said Probate Court to be examined under oath touching the matter of said complaint. In pursu-

ance with said complaint and citation, William D. Whaley and other witnesses appeared in said Probate Court and were examined and gave testimony concerning four one thousand dollar bonds and one thousand dollars in cash, which said bonds and cash are the subject matter of the suit herein in this cause in the Common Pleas Court and being cause No. 16105.

It is stipulated that the property of any value of which the inquiry was made was as to said money and said bonds; that there were other small items but such other small items are not before the court as a part of the subject matter of this action.

November 28, 1933, the Probate Court in said cause No. 13627 made its finding and entry duly recorded thereon, which finding was to the effect that said William D. Whaley was not guilty as charged in said complaint. Said complaint was therefore dismissed, said William D. Whaley discharged and the costs thereof taxed against Roger J. Jones as such administrator. These facts are definitely stated in the stipulation attached and made a part of the cause, together with the testimony introduced before the Probate Court to enable the court to pass on the demurrer.

Said reply alleges that Roger J. Jones as such administrator appealed said cause to the Common Pleas Court of Athens County, Ohio, and thereafter with the approval of said Common Pleas Court, said Roger J. Jones as such administrator dismissed said cause without prejudice to another action. Under these pleadings taken together with the stipulations, two major legal questions are presented by the demurrer.

First: Did such dismissal in the Common Pleas Court of the appealed cause without prejudice leave the judgment announced by the Probate Court in force and effect, or does it rest in suspension and abeyance?

The court will dispose of the legal question above presented before proceeding to the second major question.

There was a definite finding and judgment on the issues joined in the cause pending before the Probate Court, said finding and judgment being in favor of said William D. Whaley and against said Roger J. Jones as such administrator. To this finding and judgment an appeal was perfected in the Common Pleas Court by such administrator. Said appeal was not prosecuted but an entry made and placed on the journal at the instance and direction of said administrator wherein said

appealed cause was dismissed without prejudice to a new action.

The court is of the judgment that on such dismissal in the Common Pleas Court the judgment entered in the Probate Court was then in full force and effect; that the judgment in the Probate Court was merely suspended by such appeal but that such appeal did not affect or destroy the judgment appealed from. A party plaintiff may dismiss an action or cause without prejudice to a new action before the original trial court but when an action has been filed by a plaintiff before a court vested with the jurisdiction of the subject matter and the cause has proceeded to judgment and such judgment being against the plaintiff and an appeal perfected by such plaintiff to another court vested with jurisdiction in such appeal, then in that instance there could be no dismissal without prejudice but on such dismissal the judgment in the original trial court is no longer suspended but in full force and effect.

Sec 12234 GC, formerly Revised Statutes §5235, under Title 5, Procedure in Court of Appeals on Appeal, provides as follows: "Except as to an injunction a judgment shall be suspended whenever an appeal therefrom is perfected".

Sec 10501-22, GC, relating to procedure in Probate Court provides as follows: "In the exercise of jurisdiction the probate judge shall have the powers, perform the duties, and be governed by the rules and regulations provided by law for the Common Pleas Courts and the judges thereof in vacation, so far as they are consistent with laws in force. The provisions of law governing civil proceedings in the Common Pleas Court, so far as applicable, shall govern like proceedings in the Probate Court when there is no provision on the subject in this act.

It will be noted from these sections of the statute just quoted that the perfecting of an appeal from the Common Pleas Court to the Court of Appeals merely suspends the judgment of the Common Pleas Court and that the same rules of law are applicable and apply to the perfecting of appeals from the Probate Court to the Common Pleas Court. The effect of appeal on a judgment was considered by our Supreme Court in the case of **Jenney v Walker, 80 Oh St 107;** also in the case of **Union Trust Company v Lessovitz, 122 Oh St 406.** In these cases the court in interpreting the appeal statutes laid down the rule that such an appeal did

not affect the judgment but merely suspended it.

It a plaintiff were permitted to appeal from an adverse judgment in the original trial court and then be permitted to dismiss his appeal without prejudice in the court to which the action was appealed, the right of the defendant to have the appeal prosecuted to conclusion with diligence would be lost and the value of the prosecution of his defense would be of no avail to him if such appeal vacated and voided a judgment in the trial court as is claimed by the plaintiff in this action.

The court therefore reaches the conclusion that the judgment entered by the Probate Court in cause No. 13627 when said appeal was dismissed in the Common Pleas Court and the same abandoned by appellants without objection or exception on the part of appellees and without the cause having been submitted or tried on its merits in the Common Pleas Court remanded as a subsisting and valid judgment of the Probate Court in full force and effect.

The court having reached the conclusion that the judgment entered in the Probate Court in favor of William D. Whaley and against the plaintiff in said action in cause No. 13627 is in full force and effect, the court will proceed to its conclusions relative to the second question presented by this demurrer, that is, is said judgment in the Probate Court in cause No. 13627 res adjudicata as to the subject matter of this action in cause No. 16105 in the Common Pleas Court?

It is the settled law of Ohio that a former judgment is conclusive between the parties and their privies not only as to matters actually determined but █ also as to any other matters which could under the rules of practice and procedure have been determined. In a judicial proceeding in a court of record where a party is called upon to make good his cause of action he must do so by all the proper means within his control and if he fail in that respect purposely or negligently he will not afterward be permitted to relitigate the same matter between the same parties. If a party fails to plead a fact he █ might have pleaded or fails to prove a fact he might have proven, the law can afford him no relief. A relitigation of the same cause of action between the same parties is barred although the particular ground of relief set forth by the plaintiff below in the second action was not in fact considered or passed upon by the court in the first action. On any other principle there would be no end to an action. 23 **Ohio Jurisprudence, §748, page 797.**

On the other hand, it is clear that an adjudication affects no claims which the parties had no opportunity to █ litigate; that the record works an estoppel only as to those matters which were capable of being controverted between the parties at the time of the proceedings in the prior action. 23 **Ohio Jurisprudence, §750, page 983.**

Did the plaintiff have an opportunity to litigate the subject matter set forth in cause No. 16105 now pending in this court?

Reference will now be made to the statutes relative to which the jurisdiction of the Probate Court was invoked by the plaintiff in said cause No. 13627.

Sec 10506-67, GC, provides as follows:

"Upon complaint made to the Probate Court or Common Pleas Court of any county by a fiduciary, creditor, devisee, legatee, heir or other person interested in the trust estate, or by the creditor of any devisee, legatee, heir or other person interested in the trust estate, against the fiduciary or any other person suspected of having concealed, embezzled or conveyed away or of being or having been in the possession of any moneys, goods, chattels, things in action, or effects of such estate, said court shall cite the person so suspected forthwith to appeal before it to be examined, on oath, touching the matter of the complaint. The Probate Court shall also have power to initiate proceedings on its own motion."

Sec 10506-68, GC, provides as follows:

"The court in which such complaint is made shall forthwith proceed to hear and determine the matter."

Sec 10506-70, GC, provides as follows:

"Such examination, including questions and answers, shall be reduced to writing, signed by the party examined, and filed in the court before which they were taken."

Sec 10506-71, GC, provides as follows:

"If required by either party, the Probate Court shall swear such other witness or witnesses as may be offered by either party touching the matter of such complaint, and cause the examination of every such witness, including questions and answers, to be reduced to writing, signed by the witness, and filed as aforesaid."

Sec 10506-73, GC, provides as follows:

"By the verdict of a jury, if either party requires it, or without, if not required, the court shall determine whether the person or persons accused is or are guilty of having concealed, embezzled, conveyed away, or being in the possession of moneys, goods, chattels, things in action or effects of the trust estate, and if found guilty, the court shall assess the amount of damages to be recovered on account thereof; or the court, in its discretion, may order the return of the specific thing or things concealed or embezzled, or may order restoration in kind. The court shall have authority to cite into court all persons who claim any interest in the assets alleged to have been concealed, embezzled, conveyed or held in possession, and at such hearing shall have authority to hear and determine questions of title relating to such assets. In all cases except when the person so found guilty is the fiduciary, the court shall forthwith render judgments in favor of the fiduciary, or if there be no fiduciary in this state, in favor of the state, against the person or persons so found guilty, for the amount of the moneys or the value of the goods, chattels, things in action, or effects so concealed, embezzled, conveyed away or held in possession, together with ten per cent penalty and all costs of such proceedings or complaint; except that such judgment shall be reduced to the extent of the value of any thing or things specifically restored, or returned in kind, as herein provided. If the person so found guilty is the fiduciary, the court shall forthwith render like judgments in favor of the state against him for any such amount or value, together with penalty and costs as aforesaid."

The above sections just quoted supersede §10673, GC and other sections applicable to said subject. It will be noted that the plaintiff had the option of filing the complaint in the Probate Court or in the Common Pleas Court. He chose to file the complaint in the Probate Court. It will also be noted that the statutes have been broadened by including within the subject matter of the examination under the complaint of property suspected of being or having under said section is also enlarged in this been in the possession of such persons so complained against. The power of the court wherein under §10506-73 GC the court has the authority and power of

a. Return of specific property or restoration in kind.

b. The court is given authority to hear and determine questions of title.

Sec 10506-74, GC, provides for the certification to the Common Pleas Court of any judgment rendered under the provisions of the foregoing sections and a lien perfected in said Common Pleas Court.

From a careful reading of these statutes it will be noted that the Probate Court and Common Pleas Court under said statutes is given a quick and summary jurisdiction for the recovery of assets in favor of decedent's estate. It differs from ordinary actions as we are accustomed to pleading in Ohio but after all our forms of pleading is a statutory program and there is nothing to prevent the legislature from adopting a different form or forms in certain cases. They have evidently done so relative to such assets under said title.

Under these proceedings the person complained of is brought into court by a complaint which was accordingly done in Probate Court. The person complained of was cited into court in accordance with the provisions of the statute. Such person together with other witnesses was required to answer under oath and such examination reduced to writing. The matters included within the complaint may be heard to the court or it may be heard by a jury if a jury is demanded. Neither party demanded a jury. Then under §10596-73 GC the court is given a broad power in the disposition of the case if the defendant is found guilty. The court may assess damages in some cases. The court may order return of the specific thing or things concealed or embezzled or may order restoration in kind. The court shall have authority to cite into court all persons who claim any interest in the assets alleged to have been concealed, embezzled or held in possession and at such hearing shall have authority to hear and determine questions of title relating to such assets. The court is given the authority to render judgment on a finding of guilty in favor of the fiduciary against the person or persons so found guilty for the amount of the moneys or the value of the goods, chattels, things in action or effects so concealed, embezzled, conveyed away or held in possession together with ten per cent penalty and all costs of such proceedings on the complaint.

It therefore appears under the force of said statutes that when a complaint is filed against a person as to the concealment, embezzlement or possession of assets of the decedent's estate that it is incumbent upon such defendant to proceed diligently with

the defense that includes the hiring of counsel, the subpoenaing of witnesses and the preparation for hearing before the court or jury.

It is evident that the legislature under the statutes effective in 1932 intended to and did enlarge the scope of authority given the Probate Court in such cases. It had been argued therefore that it embraced only those questions wherein crime was a part of the basis of the complaint, that is that the conduct of the defendant in withholding such assets was criminal in its nature. In the later sections as passed in 1932 it includes those situations where possession only is alleged. It would appear that it comprehends the situation where the property is in the hands of one person wherein it is claimed that the property or assets of the decedent's estate should be in the possession of the fiduciary. It might be interesting to refer to the jurisdiction of Probate Courts. Probate Courts are not courts of general jurisdiction having regular terms but are courts of limited jurisdiction. Their jurisdiction is such and only such as is conferred upon them by constitution or statute. Under the constitution of the state of Ohio the jurisdiction of a Probate Court is defined as follows: The Probate Court shall have jurisdiction in probate and testamentary matters, appointment of administrators and guardians, the settlement of accounts of executors, administrators and guardians and such jurisdiction in habeas corpus, the issuing of marriage licenses and for the sale of land by executors, administrators and guardians and such other jurisdiction in any county or counties as may be provided by law.

It will therefore be noted that while the Probate Court is looked upon as one of limited and special jurisdiction possessing only such jurisdiction as is conferred by statute with such auxiliary and incidental powers as are necessary and proper to carry into effect those expressly granted under the constitution, the Probate Court has capacity for receiving jurisdiction quite as great as that of the Common Pleas Court. It is not a court of general jurisdiction; but that is because such powers have not been conferred on it by statute as have been conferred on the Common Pleas Court. The jurisdiction of the Probate Court with reference to matters which are given to it by constitutional grant and statutory provision is as comprehensive as any jurisdiction conferred on a Common Pleas Court in suits at law or in chancery.

Turning our attention again to the statutes as now in force relative to embezzlement, concealed or possessed assets, it surely cannot be questioned but what the intent of the legislature was to give the Probate Court a quick, summary and sufficient jurisdiction in all such matters and while the procedure may be a little different the result and conclusion is no less definite and certain than if reached through pleadings and processes governing conversion, replevin, etc. It is some times said that the Probate Court is without equity jurisdiction. However, on analysis of the constitution and statutes we will discover that the only reason that the Probate Court does not have as broad equity jurisdiction as the Common Pleas Court is for the reason that the legislature has not seen fit to pass statutes granting unto such Probate Courts such power in as full a measure as the Common Pleas Court enjoys. The constitution does not forbid the granting of such power on the part of the legislature but provides for it. It has been said:

"Although the Probate Court is a court of limited and statutory jurisdiction, it is a mistake to say, as it is often said, that it has no chancery powers, unless the same be given expressly by statute; neither does it possess common law jurisdiction unless it be given by statute, or, for that matter, any jurisdiction of any kind whatever outside of statute law. The legislature has seen fit, in certain cases, to clothe Probate Courts with full equity powers for the purpose of enabling them to settle, finally, certain controversies before them, without resort to a court of chancery. By paragraph 2 of the Act of April 12, 1858, it is provided that, in proceeding to sell the property of a deceased person to pay debts, the Probate Courts shall have 'full power to determine the equities between the parties, and the priorities of liens.' No broader language could be used to confer full and complete chancery powers in such proceedings." **Ohio Jurisprudence, Vol. 11, bottom page 851 and top of page 852.**

For a general discussion of the jurisdiction of the Probate Court, see **Ohio Jurisprudence Volume 11, §§199 to 203.**

The plaintiff, as heretofore stated, could have brought his action in the Probate Court or the Common Pleas Court. He exercised his election as to where jurisdiction should be first lodged. He could have brought an action in replevin in the

Common Pleas Court or perhaps for conversion. However, he elected to bring his action under §10506-67 GC and following statutes, in the Probate Court. The Probate Court was open and vested with jurisdiction, sales, embezzlement or concealment if the plaintiff had so desired to include that in his complaint.

The general rule that a person who has several remedies available to redress a particular wrong may choose which remedy he cares to enforce applies where a party has a cause of action which he may prosecute either as an action at law or as a suit in equity. The doctrine of waiver or preclusion by election of remedies has also been held to prevail in cases in which both courts of equity and courts of law had concurrent jurisdiction to redress a particular wrong.' 15 Ohio Jurisprudence, page 248, §24.

For a discussion of the law relating to recovery of assets also see Ohio Jurisprudence, Volume 18, page 565 and following. In conclusion and in summary the plaintiff elected to proceed and exercised the jurisdiction of the Probate Court under §10506-67 GC in lieu of the Common Pleas Court or in lieu of any other available remedy. He proceeded to final judgment in the Probate Court pursuant to said statutes. He did not exercise the privilege of dismissing his action without prejudice to a new action during the progress of the trial in the Probate Court but awaited the final judgment of the Probate Court. The judgment of the Probate Court was in favor of the defendant. Thereupon an appeal was perfected to the Common Pleas Court. After said appeal was perfected the plaintiff dismissed his cause and as the court has heretofore stated and found the suspension of said judgment in the Probate Court was thereupon terminated and it became a living judgment in full force and effect. While it is intended that the plaintiff shall have a quick and summary redress in such cases the law also provides and such should be the case that the defendant be also safeguarded. If he is cited into court, required to employ counsel and defend and a verdict rendered in his favor he should not again be called upon to be required to employ counsel, and prosecute a defense in another court, but should enjoy the benefits of res adjudicata as to such matters that was or could have been determined and litigated in the original action. If the verdict had been aaginst the defendant the law provided for a way of making such verdict effective even with penalty in the court's discretion with the right of perfecting liens against his real estate. Due process of law is available and is well justified in favor of a defendant as to a plaintiff.

The court has reached the conclusion that the pleadings in this case taken together with the stipulated facts and the transcript of the evidence as taken in the Probate Court determine that the subject matter of this action has been adjudicated in the Probate Court in cause No. 13627, as to defendant William D. Whaley. Tibbott, Admr., etc. v Cadisch, 32 Oh Ap 161; Lankin, Executor v Robinson, 32 Oh Ap 401; Lindquist v Hayes, Admr., 22 Oh Ap 141 (4 Abs 451).

The relief provided under these sections is not discovery of assets alone, but under the Ohio law discovery and recovery are both included in the statutes.

The demurrer is therefore sustained as to the defendant, William D. Whaley.