HEINTZ, Estate of, In re

UNKRODT, Admr. v LANE

Ohio Appeals, 2nd Dist, Franklin Co

No 3323.   Decided June 6, 1941

T. E. and J. M. Lewis, Columbus, for appellant.

Barton Griffith, Columbus, for appellee.

**OPINION**

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of the administrator's appeal on questions of law from the judgment of the Probate Court of Franklin County, Ohio.

Lenora H. Heintz died in March, 1939, intestate, and was survived by her husband, Charles H. Heintz, her sole and only heir at law.   At the time of her death she owned two pieces of real estate, located in Columbus, Ohio, one of these being the homestead property. Some time in 1933 she cashed certificates which she held in the Buckeye State Building & Loan Company, and shortly thereafter purchased six $1000 bonds or debentures of the Cities Service Company.   These bonds were payable to bearer and required no endorsement in order to pass title.   Whether or not she owned these certificates at the time of her death or had previously given them to her husband, is in dispute.   There was no administration of Lenora H. Heintz' estate immediately following her death.   There were no debts except the funeral expenses and doctors' bills of last illness, all of which were paid by the surviving spouse, Charles H. Heintz.

Mr. Heintz, the surviving spouse, became the owner of the real estate through inheritance.   He was in possession of the Cities Service bonds, either through gift from his deceased wife before her death or under a claim of ownership by virtue of being the sole surviving heir.

Charles Heinz died in January, 1940, some ten months following the death of his wife, Lenora.   His estate was administered and distribution made to the proper heirs.

Prior to the decease of Mr. Charles Heintz, he gave to his niece, Edna E. Lane, the Cities Service certificates, with the statement that they belong to him and he wanted her to have them as she was the only relative that had given him any attention.   This gift was made on July 1, 1939.   He also gave to

this same niece three or four diamonds which belonged to Mrs. Lenora Heintz during her lifetime. Other gifts of clothing, furs, etc., were made to different people. Aside from the Cities Service stock, the value was comparatively small.

Twenty months following the death of Mrs. Lenora H. Heintz the present plaintiff-appellant was appointed administrator of her estate. The reason for administration of Mrs. Lenora H. Heintz' estate is not definitely set out, but is rather clear from inference.

The appellant administrator testified that he knows of no indebtedness and no claims have been presented to him since his appointment. There is other evidence that all indebtedness against her estate has been paid. The administrator's wife was a relative of Mrs. Lenora H. Heintz and the claim will probably be made that if any recovery is had from her estate the amount would be distributed to her relatives.

In September, 1940, the appellant administrator filed in the Probate Court of Franklin County, Ohio, a complaint charging that the appellee, Edna E. Lane, now has or has had in her possession money, goods, chattels, bonds, things in action or effects belonging to the estate of Lenora H. Heintz. Following a hearing the Probate Court found in favor of Edna E. Lane and dismissed the administrator's complaint.

Within statutory time the administrator gave notice of appeal, and thereby lodged the cause in our court.

Appellant's assignment of errors is set out in five separately numbered specifications.

All of these may properly be combined under the single claim that the finding and judgment of the court are contrary to the evidence and the law.

In substance it is the claim of the administrator that personal property, unlike real estate, does not pass by the statute controlling descent, but passes to the administrator for distribution after the payment of all debts and costs of administration; that pending the appointment of an administrator

title to the personal property is held in suspension and after the appointment it vests in the fiduciary, as of the date of the decease.

Counsel for the appellee, while admitting the general rule, urges that there are exceptions thereto, and that the instant case falls within the exceptions. Of course, appellee makes the further claim that there is no substantial evidence overcoming the claim of gift from Mrs. Lenora H. Heintz to her husband, Charles Heintz.

Counsel for the respective parties present very exhaustive briefs showing great labor in their research. Counsel for appellant cite and quote from many Ohio cases.

The cases upon which appellant places greatest reliance are the following:

McBride, Admr. v Vance, 73 Oh St 258.
Powell, Admr. v Powell, 78 Oh St 338.
Puder v Agler, 15 O. L. R. 433.
McDonough, Exec. v Zollner, 12 OO 86.
Rogers v Insurance Company, 24 N. P. N.S. 51.
Barielle v Bettman, 199 Fed. 43.

While we have examined all of the cited cases, we do not deem it necessary to make special reference to each but will now merely refer to the Vance case, reported in 73 Oh St 258, which covers all the principles contended for and occupies a prominent position in appellant's brief.

Syllabi 1 and 2 of the above case read as follows:

"1. As a general rule administration is a prerequisite to the devolution of the personal estate of a decedent.

2. The personal property of a deceased person does not vest in his heirs but is in abeyance until administration is granted and is then vested in the administrator by relation from the time of death, and no right of action on a promissory note belonging to a deceased person is shown by a party

in an action on the note by proof of possession and that he is the sole heir of the decedent."

It will be noted that the first syllabus in announcing the principle starts out with the language "as a general rule administration is a prerequisite." When we read the case in its entirety to ascertain the specific question involved, we have no difficulty in following the reasoning of the court in this Vance case.

The same is true of each and all of the remaining cited Ohio cases.

The instant case presents an entirely different factual question, and thereby arises the inquiry as to whether the general rule referred to in the Vance case is applicable.

In the instant case there were no assets to be collected, as in the Vance case. There were no minor children or incompetents, as are present in some cases. There were no debts, except funeral expenses and doctors' bills of last sickness. Both would be obligations of the surviving husband, but in any event they are paid. The surviving spouse was the sole and only heir, and thereby would be the distributee of all the assets in the event of administration. For time out of mind it has been a common practice in Ohio to settle estates out of court where settlements are made with all creditors, if any, and the heirs entitled to the fund under distribution are of age and capable of contracting. Under such arrangements the rights of the heirs are superior to all persons other than creditors or unknown heirs.

The writer of this opinion followed the plan in his own family, and when in the practice of law frequently formulated contracts for settlement of estates without administration.

The Taxing Department of Ohio recognizes this common practice and provides for determination of inheritance tax where there is no administration. In the instant case inheritance tax was computed and paid under the procedure of no administration. There is no question that Charles Heintz was the sole and only heir of Mrs. Heintz, and was the cestui qui trust to the assets had there been adminstration.

The Circuit Court of the Sixth District, in 1895, had under consideration a case involving this principle, **Catlin v Huestis, Exr., 11 C. C. 120.** The syllabus reads as follows:

"Where all debts of deceased are paid by the parties entitled to the estate, no administrator should be appointed and money expended for the mere form of administration. Where it appears that substantially all outstanding debts of the deceased testator have been paid by the parties entitled to the fund under the terms of the will of the deceased, there is no necessity for an administrator or executor to close up the estate, and courts will not tolerate or encourage proceedings under the direction of the probate court for the administration of an estate nor the expenditure of money left by deceased parties for the mere forms of administering upon an estate."

The courts of last resort in other states have dealt with this exact question in numerous instances. A very recent and valuable work has devoted much space to this question. The text has been built from reported cases. We refer to American Jurisprudence, Vol. 21. These citations are too long and too numerous to copy in this opinion, therefore we will only make reference to the pages and sections, with short excerpts.

At pages 377 and 378, §15, the text, after stating the general rule, winds up with the following:

"Nevertheless, administration may, under some circumstances, be dispensed with."

At pages 378 and 379, §17, it again states the general rule and then adds:

"Nor is administration necessary where, although there are some debts, the parties interested agree with the creditors and among themselves in respect of the whole matter."

Again, at pages 381 and 382:

"The law favors compromises and settlements among heirs, distributees, devisees and legatees of the decedent's estate and will enforce such agreements when made between persons having legal capacity to contract. By this means, where there are no creditors, the administration of a decedent's estate may be dispensed with."

Further, on pages 381 and 382:

"Although all the personal property vests in the executor or administrator and he has the right to its possession, there is a well-established exception to this rule to the effect that when property is not needed for the payment of the debts and has been appropriated where it rightfully belongs, the naked legal title of the representative of a deceased person is not sufficient in equity against one who has the equitable title, accompanied by the rightful possession."

Also, see pages 539, 540 and 541.

We also make reference to Woerner on the American Law of Administration (3d edition) pages 662, 663, §201:

"Where there is an administration and the heirs or parties beneficially entitled thereto are in possession of personal property, the administrator will not be allowed to recover it if it appears that the debts are all paid."

The Supreme Court of the State of Washington, in the case of Lambrecht's Estate, 112 Wash., 645, (192 Pac. 1018):

"We know of no law in this state that prevents the settlement of an estate of a decedent as between heirs and creditors, by common agreement between themselves, without administration of the estate by formal probate proceedings."

Further quoting from Woerner on the Law of Decedents' Estates and Wills, §185:

"Courts therefore sanction the disposition of the property of a decedent without the appointment of an administrator where it is certain that no debts are owing."

Also, the decision of the Supreme Court of Connecticut, Woodhouse v Phelps, 51 Conn. 521, announcing the same principle.

Also to the same effect, see Lewis v Lyons, 13 Ill. 117.

Another case announcing the same principle in very strong language is that of Abbott v People, 10 Ill. Appeals, 62.

To the same effect, see Richardson, Admr. v Cole et, 160 Mo 372. Also Robinson v Simmons, 146 Mass., 167; Walworth v Abel, 52 Pa. St 370; Weaver v Rogh, 105 Pa. St. 408; Needham v Gillett, 39 Mich. 574.

Another interesting case is that of Wood v Weimer, 104 U. S. 786.

Discussing the same principles with similar pronouncements reference is also made to 23 Corpus Juris, pages 1000, 1001, 1002 and 1005.

We have also been favored with the short, concise and very well reasoned opinion of the Probate Court. We agree with his language and reasoning. We find no error, therefore the judgment of the Probate Court will be affirmed.

Costs in this court will be adjudged against the appellant.

Entry may be drawn in accordance with this opinion.

GEIGER, PJ. & HORNBECK, J., concur.