McKENZIE, Deceased, Estate of, In re.

Probate Court, Meigs County.

No. 17404.   Decided October 18, 1956.

Webster & Fultz, Pomeroy, for Laura E. McKenzie.

## OPINION

By BACON, J.

Applicant, Laura E. McKenzie, as surviving spouse of James W. McKenzie, deceased, filed an application the pertinent averments reciting that said decedent died intestate September 5, 1956, that all debts and claims against said decedent are fully paid, that decedent left applicant his surviving spouse and David W. McKenzie, of full age, his son, his only heirs at law and next of kin entitled to the next estate of inheritance, that no administration of decedent's estate is being had or contemplated, that he owned a certain 1956 Ford automobile and certain real estate the value of decedent's real and personal property not being stated. Further, that applicant, as surviving spouse is entitled to property exempt from administration and widow's year's allowance, that applicant and the son agreed that the motor vehicle be transferred to the son. The application asks for such order as may be proper, including the transfer of the 1956 Ford to David W. McKenzie. The son joins in the application.

Applicant does not pretend to be proceeding under §2113.03 R. C., and it would appear, therefore, that decedent's estate exceeds the sum of $1,000.00. The statute mentioned is directed to cases where the court is satisfied that the assets of an estate are $1,000.00 or less in value.

In order to transfer the motor vehicle aforesaid under Ohio's Certificate of Title Law from James W. McKenzie, deceased. to David W. McKenzie, particularly under §4505.10 R. C., David W. McKenzie must present to the Clerk of the Common Pleas Court of Meigs County (1) the prior certificate of title to the vehicle (2) his affidavit setting forth the facts entitling him to possession (3) together with a copy of the journal entry, court order or instrument upon which claim of possession and ownership is founded.

It is seen that requirement (3) can only be met by proceedings in the probate court.

In essence, what applicant asks is a partial distribution of decedent's personal estate without the formal administration the law contemplates—leaving for future order or transfer decedent's other property, personal and real. But no authority for such order, constitutional, statutory or otherwise, exists.

The **Ohio Constitution, Section 8, Article IV**, provides:

"The probate court shall have jurisdiction in probate and testamentary matters . . . and such other jurisdiction, in any county or counties, as may be provided by law."

Implementing this jurisdiction, the Ohio General Assembly has provided, **§2101.24 R. C.**:

"Except as otherwise provided by law, the probate court has jurisdiction . . . .

. . . .

(C)to direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates.

. . . .

The foregoing appear the only general constitutional and statutory authorities empowering the probate court to act as applicant requests.

Specifically, in the case of real property, the legislature provided that the probate court may issue a certificate of transfer where no administration was had or contemplated. Sec. 2113.61 (D) R. C. No limitation is placed upon the value of the real estate and the attorney general commented, 1936 OAG No. 5193, page 242, that in his opinion a probate judge has permissive power to grant an application for a certificate of transfer under §10509-102 GC its provisions almost identical to §2113.61 (D) R. C., in an estate consisting of real estate, only, exceeding $5,000.00 in value, and where no administration of such estate is had or intended. It will be noted the opinion is confined to "an estate consisting of real estate, only."

However, the legislature has not seen fit to enact similar provisions for the transfer of titles to motor vehicles, or other personal property, either in the certificate of title law or in the probate code. The reason why such provision is made in the case of real estate and none made in the case of personal property is obvious.

The law of Ohio is that real estate of one dying intestate goes directly to the heirs, and not to the administrator. The heirs possess the legal title full and complete and are the owners of the property in their own right. They are entitled to its possession and control. 17 O. Jur. 2d, Descent & Distribution, Sections 199, 201. In fact, so strong is the heirs right to possession that even where decedent's lands are required to pay debts, the heirs are entitled to the rents and profits, excluding emblements, until the actual sale of the land by the administrator for the payment of the debts of his intestate. Overturf v. Dugan, 29 Oh St 230.

The law of Ohio is otherwise as to the personalty of a decedent who dies intestate. Such personalty passes not to his heirs at law or next of kin but to his administrator who has legal title. 17 O. Jur. 2d, Descent & Distribution, Section 206. The leading case on this proposition is McBride, Administrator v. Vance, 73 Oh St 258, the syllabi reading:

1. As a general rule administration is a prerequisite to the devolution of the personal estate of a decedent.

2. The personal property of a deceased person does not vest in his heirs but is in abeyance until administration is granted and is then vested in the administrator by relation from the time of death . . . .

In Rogers v. Metropolitan Life Insurance Co., 24 O. N. P. ns 49, affirmed 16 Oh Ap 283, the superior court of Cincinnati said, "Under the law of Ohio administration is indispensable before the heirs can lawfully acquire title to the personal property of a decedent." Abundant authorities agree. Goudy v. Goudy, Wright 410; Luce v. McDonald, Wright 655; Reed v. Jordan, 12 O. C. C. 161; Rousch v. Hundley et al., 2 O. Dec. Rep. 445. The fact is that so strong is Ohio law to the effect that the personal property of a decedent does not vest in his heirs, but is vested

in the administrator, reference is made to the case of **Davis et al. v. Executors, 25 Oh St 668,** syllabus reading:

1. The heirs of an estate cannot, even after settlement by the administrator, and where there are no outstanding debts, maintain an action in their own name to recover possession of assets belonging to the estate.

The issues raised by the instant application have moved the court to examine the Ohio cases involving non-administration of a decedent's personal property to determine whether some support might be found for granting the application. Study of the cases discloses that the facts upon which they were decided are so utterly removed from the instant proposition, that little support exists.

In the case of **Taylor et al. v. Executors, 13 Oh St 288,** sole asset of the estates of two sons of a widow, both minors dying unmarried without children, was a small fund then totaling $1,208.27, set up by the will of their grandfather. The widow, their mother, succeeded on a bill in equity in the common pleas court in having the fund paid direct to her without necessity of successive administrations of the minors estates. It will be noted that this case is cited principally for the rule that a beneficiary of a trust may bring a bill in equity to terminate a testamentary trust where circumstances unforeseen by the testator have occurred.

In Catlin et al. v. Huestis, Executor, 5 O. C. D. 23, the testator died in 1887 and the beneficiaries under the will took possession of real and personal assets without an administration. The beneficiaries died in November 1892. A bill of equity was instituted in the common pleas court. The court decided that where the debts against testator's estate were only $11.00 in unpaid court costs, appointment of an executor to administer testator's estate was unnecessary to collect and administer a fund of $200.00.

In the case of **In Re Estate of Heintz, 34 Abs 539,** the surviving husband and sole heir of his wife's estate, there being no debts, paid her funeral bill and expenses of last illness, and being in possession of his wife's personal property made various gifts of it. Upon his decease his estate was administered and distribution made to the proper heirs. The prior deceased wife had a niece, whose husband was not permitted by the probate court to meddle by having himself appointed administrator and seeking recovery of the personal estate of the wife.

The risk of settling an estate out of court is certainly accentuated in the case of **In Re Estate of Christian, 33 Abs 367,** where an administrator was appointed in 1937 although the decedent had died in 1923. A judgment was affirmed by the court of appeals against a son who took the lead in attempting to settle the estate out of court. The appellate court felt constrained to say: "Settlements of estates out of court are not favored, and when so made may be set aside at the instance of creditors or heirs."

The Ohio General Assembly has enacted a probate code for the orderly administration of decedents' estates, further providing that where the court is satisfied the assets of an individual estate do not exceed $1,000.00 the court may relieve such estate from full compliance with the

code. Here, comment in 18 O. Jur., 52, Executors & Administrators, Sec. 12, on §10509-5 GC, now embodied in §2113.03 R. C., is of interest: "Whether this statute will be held to be exclusive of the cases in which administration will be dispensed with, under the rule that the expression of one thing is the exclusion of another, is a question for the courts." Without citing authorities, unquestionably this rule, expressio unius est exclusio alterius, obtains in the probate court. And the only plausibe conclusion is that it was intended estates exceeding $1,000.00 must be settled as provided by law, save for the possible exception where decedent died seized of real property, only.

Another analysis of Ohio law on this point is found in Barriele v. Bettman, 199 Fed. 838, the federal court relying upon the rule of McBride v. Vance, and quoting extensively from that case. And the opinion of the Ohio Supreme Court in the McBride case could not be more positive. At 73 Oh St p. 262, the court said:

"In Woerner's American Law of Administration (2 ed.) sec. 199, it is said that the necessity of administration arises out of the common law doctrine that the personal property of the decedent descends to the executor or administrator and that this doctrine is recognized substantially in all the states except Louisiana; and further: "The direct consequence of this principle of the law is, that without due course of administration the claims of creditors cannot be lawfully satisfied, and neither heirs nor legatees can obtain a legal title to their legacies or distributive shares; and that neither devisees nor heirs can hold the real estate to which they succeed free from the claims of creditors of the deceased, against whom limitation does not, in some states, run after the debtor's death, until there be lawful administration of his estate. Another consequence is, that the payment of debts to the deceased can be coerced by no one but the lawfully appointed executor or administrator, even in equity, because there is no privity between the debtors and any person other than the legal representative. He stands as the representative of those interested in the devolution of the personalty of the deceased, including creditors of the estate as well as legatees and distributees."

"The statutes and decisions in this state both accord with the above statement of the law."

If heirs of a decedent were aware of the risks attendant upon heirs taking mere possession of decedent's personalty without legal title, it is likely that applications as herein made would be few indeed. And when it is considered that only by probate procedure according to statute can a widow lawfully have set off her exempted estate, her year's allowance and various elections the law gives her; that the heirs cannot give good marketable title to decedent's real estate without so proceeding, it is clear that the probate court is acting in the best interests of the widow and heirs by denying applications as herein made.

An entry may be so framed.