**CHRISTIAN, ESTATE OF, In Re**

Ohio Appeals, 2nd Dist, Darke Co

No 580.  Decided Dec 31, 1940.

Wilbur D. Spidel, Greenville, for administrator.

T. A. Billingsley, Greenville, for Arnold Christian.

**OPINION**

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of the appeal of Arnold Christian on questions of law from the judgment of the Court of Common Pleas of Darke County, Ohio.

The following brief summary will render understandable the nature of the controversy:

Margaret Christian and John Christian were husband and wife, living in Wayne Township, Darke County, Ohio.

On the 11th day of December, 1923, Margaret Christian died intestate, leaving surviving her a husband, John Christian, and the following adult children: Arnold Christian, William Christian, Harry Christian, Nathan Christian and Dora Miller, and the following grandchildren, who were the children of Walter Christian, the latter a son of John and Margaret Christian, and who died in 1921, approximately two years before the death of his mother; Mildred Christian, Bernette Christian, Chalmer Christian and Josephine Christian.  All of the above grandchildren at the time of the death of Margaret Christian were minors. The present name of Mildred is Mildred Christian Bolen, and the present name of Josephine is Josephine Hofaker.

There was no administration of the estate of Margaret Christian immediately following her decease.  However, the adult children, without the knowledge or consent of the four named grandchildren, attempted to settle and divide the estate out of court.  The assets consisted of a Government bond in the sum of $250.00, and note obligations, in different amounts, from the adult children to the mother.  Two

meetings were had by these adult children, one at the home of the decedent, and the other at the home of Arnold Christian. Neither the surviving spouse, John Christian, nor the grandchildren were present at either meeting. The total face value of all assets was approximately $5000.00.

Apparently Arnold Christian took the lead in the attempted settlement out of court. The indebtedness was very small, and consisted mostly of expenses of last illness and funeral. These were totalled and divided by six. The face value of all assets was totalled, and after deductions for expenses, the net was divided by six.

The adult children whose notes did not amount to their interest, received from some of the others sufficient to make the net amounts due them. Those whose notes exceeded the amounts due them, made up the differences.

The indebtedness of Arnold Christian was considerably more than that of any of the other children. It was the oral arrangement that each of the adult children would take their respective notes, and this was done. Arnold Christian received the $250.00 Government bond, which, together with the face of his note, was sufficient to equalize his interest in the estate and within $16.40 of equalizing the interest of the grandchildren. Under the oral arrangement he was to pay the grandchildren their respective amounts as they became of age. No part of these amounts has ever been paid.

On August 4, 1937, Josephine Hofaker and Bernette Christian, two of the grandchildren, made application to the Probate Court for the appointment of an administrator of the estate of Margaret Christian. Following this application notice was served on the heirs as required under the law. Citations were issued for acceptance or declination of appointment. None of the heirs accepting the appointment, Robert E. Riegel filed application requesting that he be appointed such administrator, on the 7th day of September, 1937. Letters were issued to Mr. Riegel on September 9, 1937.

In January, 1938, Riegel, administrator, filed a complaint against Arnold Christian, of Bradford, Ohio, charging that he had concealed or conveyed away moneys belonging to the estate of said decedent, in fraud of the rights of the administrator and others interested in said estate. The money was described as follows:

"Moneys held in trust belonging to the said decedent and representing the interests of Mildred Bolen, Bernette Christian, Chalmer Christian and Josephine Hofaker; said Arnold Christian having undertaken to settle the said estate without administration in the Probate Court."

Citation issued to Arnold Christian was duly served. On the day named he appeared with counsel and asked that a jury be impaneled for the purpose of determining the question raised under the complaint.

The Probate Court, upon its own motion, certified the entire question to the Common Pleas Court.

In due time the case was tried to a jury, resulting in a verdict for Arnold Christian. A motion for new trial was sustained and the case retried, and on the second trial the jury returned a verdict in favor of the administrator.

The pertinent part of the verdict reads as follows:

"And we do assess the value of the property so concealed and conveyed away at $914.20."

Motion for new trial was interposed, overruled and judgment entered on the verdict.

Within proper time notice of appeal was filed.

The bill of exceptions presents very little, if any, dispute on facts. The appellant, Arnold Christian, was called by counsel for the administrator for cross-examination. Practically all of the facts set out in the foregoing statement were admitted, particularly his retention of his promissory notes to his mother, and also the Government

bond. He likewise admits the agreement to pay the grandchildren and that no part of the amount had ever been paid to them by him.

The pencil memorandum through which the calculations were made and the interest ascertained was on a sheet of paper in the handwriting of Arnold, and introduced in evidence. His personal notes to his mother were likewise introduced in evidence.

Counsel for appellant urges that the administrator's form of procedure was not authorized under §10506-67 GC, for recovering concealed assets, embezzled or conveyed away money, goods, chattels, and so forth of an estate.

Contention is further made that the action would be barred by the statute of limitation, and that the appropriate remedy, if any, would be either by action by the grandchildren, or, if brought by the administrator, it should be to set aside the oral arrangements and recover from all of the adult children.

The determination of the question presents no little difficulty. Settlements of estates out of court are not favored, and when so made may be set aside at the instance of creditors or heirs. Such action could not be made direct, but must necessarily be made by an administrator. Apparently there are no creditors with whom settlements have not been made. All the heirs, including the grandchildren, are apparently content to follow the settlement made out of court, excepting the appellant, Arnold Christian.

We think there is no question but that the administrator might have sought to recover from Arnold all of his own obligations, plus the Government bond of $250.00. This would have amounted to practically double the sum for which the jury returned its verdict. It would not have been necessary to have brought in all the other heirs under a joint complaint, but they could have been proceeded against severally. Such proceedings would have added costs and additional administrator's compensation, if all sums had been recovered. Otherwise the amount received by each of the heirs would have been the same. Under this situation we find no legal barrier to the procedure that was followed. The fact that recovery against Arnold is less than would be warranted under the undisputed facts can not be made the predicate of claimed error.

We should refer to the fact that Arnold Christian testified that he returned the Government bond to his father and took his note therefor. This claim is corroborated by the executed note, which was presented in evidence to the bill of exceptions as an exhibit.

There is also evidence presented through which the jury would be warranted in determining that Arnold was paid the $16.40 by one of the other heirs.

The defense of the statute of limitation is not well taken.

Finding no prejudicial error, the verdict of the trial court will be affirmed and the cause remanded. Costs will be adjudged against the appellant.

HORNBECK, PJ. & GEIGER, J., concur.