## MEYER, Estate of In Re.

Probate Court, Montgomery County.

No. 106464. Decided May 15, 1948.

Cowden, Pfarrer & Crew, Dayton, for complainants.
Clarence J. Stoecklein, Dayton, for Hazel M. Sweetman.

### OPINION

By LOVE, J:

This cause came on to be heard on the complaint of Roland F. Meyer and Charles C. Scheibenzuber, two of the heirs, devisees, and legatees of Ella M. Meyer, deceased, filed under the authority of §10506-67 GC, the evidence, and briefs of counsel.

The complainants allege that the executrix, "Hazel M. Sweetman has now, or did have, in her possession, and has concealed, or conveyed away, goods, chattels and effects belonging to the Estate of said Ella M. Meyer, deceased . . . ." The complainants then proceed to list a number of diamonds and other items of jewelry, a wrist watch, silver table settings,

china, clocks, glassware, and miscellaneous household goods as the property in the possession of the executrix.

The complainants have also filed exceptions to the supplemental inventory and appraisement filed subsequent to the filing of the complaint. By agreement of the parties both proceedings were heard together and consequently will be passed upon at this time.

. It appears from the evidence submitted that Ella M. Meyer died testate on or about March 21, 1946 leaving surviving her three children, Hazel M. Sweetman, the person against whom the complaint is made, Irene Wasmuth, and Mara M. Hill, and three grandchildren who are descendants of two deceased daughters, namely, Phyllis E. O'Keefe, Roland F. Meyer, and Charles C. Scheibenzuber, the latter two of whom are the complainants and the exceptors herein. The will of Ella M. Meyer in effect devises all real and personal property to the executrix for the purpose of converting the same into cash and distributing the proceeds so that her five children or their descendants will each receive a one-fifth (1/5) share. After her will was probated, Hazel M. Sweetman was duly appointed executrix on the 16th day of May, 1946; and on June 5, 1946 she filed an inventory and appraisement of the estate and failed to list any personal goods and chattels but listed only real estate at an appraised value of $17,500.00. Said inventory and appraisement was approved on the 29th day of June, 1946, no exceptions having been filed thereto.

The evidence further discloses that the beneficiaries, with the possible exception of Charles C. Scheibenzuber, had had conversations with the executrix about dividing the jewelry and the household goods. It appears that the executrix had decided upon such a plan because the decedent wanted her jewelry divided among her three surviving daughters but that they would select a piece to be given to Phyllis O'Keefe's mother. Whoever received a diamond was to pay for it when the estate was settled. The executrix also discussed a division of household goods and that a dinner would be arranged some time in the future at which time the household goods would be divided. Charles C. Scheibenzuber testified that he did not know of the arrangements as they pertained to the jewelry but did recall some conversation about a dinner party at which the household goods were to be divided. He requested a set of dishes. The testimony discloses that the only article given away by the executrix was a Starr piano of little value. It was given to Phyllis O'Keefe. This article is not in issue as it was given with full knowledge of the parties, and no wrongful conduct is charged either on the

part of the complainants, Phyllis O'Keefe, or the executrix. As nearly as can be ascertained, it appears from the testimony that the conversations referred to above took place prior to June 7, 1946. The three grandchildren denied knowing the contents of the will. While the Court does not believe that this denial adds much to the issues to be decided, it nevertheless holds that they were chargeable with knowledge from the date said will was probated, the 16th day of May, 1946, notice of the hearing having been previously waived by all of the next of kin including the complainants. Sometime in March or April of 1947 the complainant Roland F. Meyer inquired of the executrix through her attorney why the unreported assets had not been included in the inventory, claiming that he had no previous knowledge of the contents of the inventory and appraisement. The evidence discloses that the executrix's excuse was that she did not deem it necessary to include these articles since all the personal assets were heirlooms. The evidence discloses that her attorney subsequently advised her that all assets must be included in an inventory and appraisement. On or about May 12, 1947 the complainants formally demanded that the inventory be made complete and shortly thereafter were notified that a supplemental inventory and appraisement would be taken June 10, 1947. The evidence shows that none of said complaining parties appeared at the time or the place where said inventory and appraisement was taken. Instead on June 9, 1947 at 12:15 p. m. the complaint was filed. On June 5 the Court ordered the three estate appraisers to actually view the property to be submitted to them by the executrix. On June 9 the attorney for the estate, Clarence J. Stoecklein, took the oath of the appraisers. The evidence shows that the appraisers appeared at decedent's home about 8:30 or 9:00 on the morning of June 10, the appraisement was made, Hazel M. Sweetman made her affidavit, her attorney taking the acknowledgment, and the instrument was filed on said day at 11:46 a. m. Upon filing the complaint the Court in conformance to law set a date for said matter to be heard and ordered a writ of citation against the executrix. The writ was received by the Sheriff of Montgomery County on June 10, 1947 at 8:31 a. m., residential service of the same on Hazel M. Sweetman was made on June 10 (no time shown), and the return was filed in this Court on June 11, 1947 at 8:55 a. m. It would appear from all the evidence that Hazel M. Sweetman had, in accordance with complainants' demand contained in their letter of May 12 (Complainants' Exhibit 3) to her attorney, disclosed all assets to the Court before re-

ceiving a writ of citation on the complaint which had been filed the day before the supplemental inventory was filed.

Exceptions to the supplemental inventory and appraisement were filed on June 16, 1947, and an order was made setting the hearing for the same day and hour as the hearing on the complaint. Exceptors allege that certain assets were omitted from said inventory and that the value assigned to the items does not represent their true value. The supplemental inventory and appraisement as filed listed jewelry appraised at $3035.00 and household articles at $828.00, totalling $3863.00.

At the outset the Court wishes to dispose of several matters before deciding the main point at issue.

The exceptors (also complainants) have failed to show that the executrix has in her possession any property of the decedent in addition to that listed in the original and the supplemental inventory and appraisement or that the value of the items listed in the supplemental inventory is not the true value; accordingly the exceptions to the supplemental inventory and appraisement are overruled at exceptors' costs. The aforesaid holding shall also be considered as a finding of fact as to any issue raised by the complainants that the executrix is in possession of or is concealing any other assets not disclosed by either the original or the supplemental inventory and appraisement.

Furthermore, the Court finds that the executrix did not conceal any assets from the complainants or any of the beneficiaries of the estate at any time nor did she embezzle any assets nor did she convey away any such assets, with the possible exception of the piano, nor did she possess the property as an individual but that she took possession of and held such property in her fiduciary capacity with an intention of distributing such assets illegally without bringing them into the estate for administration. The Court also finds that this illegal intent was changed upon advice of her counsel prior to the filing of the complaint and that full disclosure of these assets was made to the Court on the day following the filing of the complaint but before she had received a citation to appear before the Court.

Counsel for both parties have submitted briefs but have failed to cite many Ohio cases, including two cases of the Supreme Court, which have some bearing on the question to be decided. It will be necessary therefore to discuss at some length the Ohio law on the subject.

The Court is required to determine whether the conduct of the executrix constitutes a quasi-criminal act within the

purview of §10506-67 GC, based upon the fact that she failed to disclose assets of the decedent in the original inventory and appraisement and consequently comes within the terms of the statute "of being or having been in the possession of" these assets. The guilt or innocence of the accused depends on whether or not her conduct was wrongful or criminal. The cases set forth below appear to answer the question. Appropriate comments will be made in considering each case for a full understanding of the Court's holding.

The present §10506-67 GC, was enacted in its present form effective January 1, 1932, having previously been amended several times. The former §10673 GC did not include the clause "of being or having been in the possession of," nor did former §10678 (now §10506-73 GC) contain the words, "been in the possession of" or "held in possession." A number of older cases were examined but have little more than a historical value. Several times the courts have held that the Section provided a summary proceeding and should not be given a construction beyond the terms of the statute. See **Howell v. Fry, Admr., 19 Oh St 556; Meinzer v. Bevington, 42 Oh St 325;** and **Leonard v. State, ex rel. Scott, 3 Oh Ap 313.** Several early decisions held that criminality or fraudulent conduct was necessary before a court could find the person charged guilty. See **Ream v. State, 2 Abs 293,** and **Williams Exrx. v. Christopher, 2 Abs 217.** But in **Losee, Admr. v Krieger, Admr., 22 Oh Ap 395,** (Court of Appeals of Lucas County, February 24, 1925) the action was begun by petition and no criminality was alleged. The court held that the petition stated a good cause of action, proof of criminality being unnecessary. At about the same time the same court in the case of **Lindquist v. Hayes, Admx., 22 Oh Ap 141** (February 23, 1926) decided that:

"Fraudulent or criminal intent is not a necessary element in making out administratrix's case under §10673 et seq., GC, against one concealing, embezzling, or conveying away money of decedent." (See Syllabus 6.)

Since the enactment of the present statute, a number of cases have been decided under this Section.

In **State ex rel. Snearer v. Packer, 4 O. O. 347** (Probate Court of Tuscarawas County, May 28, 1935), a case upon which the complainants to a great extent rely, the complaint was filed against one Harvey S. Packer by Joseph Snearer, one of the two heirs of the decedent, alleging that Packer had concealed some $5500.00 in bonds from the administrator. The decedent died in 1932 having left bonds with the accused prior to death

for safekeeping and allegedly under instructions to him that they be divided between her two children at her death. In 1935 one of the children filed the complaint. The administrator in the meantime had filed his final account and had been discharged. The accused on at least one occasion conferred with the administrator and did not disclose the existence of the bonds. The court found Packer guilty and assessed a ten percent penalty. Syllabus 5 of the case appears as follows:

"A party is guilty of concealing assets from an administrator where bonds which were left with said party for 'safe-keeping' by the deceased prior to death were not turned over to the administrator, even though there was no fraudulent or criminal intent."

It should be noted in passing that there was wrongful conduct on the part of the accused—an active concealment in this case in that Packer, who conferred with the administrator presumably knowing of the latter's right in and duty to conserve assets of the estate, did not disclose their existence. This case is easily distinguished from the case at bar in that possession of the assets in the hands of the accused who had no title and was not acting in a fiduciary capacity was wrongful as Packer failed for years to disclose the assets to the administrator.

In **Gregg v. Kent, 27 Abs 628** (Court of Appeals, Madison County, July 21, 1938) the executor of the estate of a beneficiary of a trust filed a complaint against the trustee who was acting as such under the will of the beneficiary's father. Said complaint alleged that the trustee is " ' in possession of moneys, . . . . which belong to the estate . . . . which he refuses to turn over to the executor.' " The trustee claimed a right to hold them for trust purposes. The court held him "not guilty" and said at page 632:

"The words, **'concealed, embezzled or conveyed away,' mean wrongful action. Do the words, 'or of being or having been in the possession of,' imply anything less?** The entire language of this section will not bear the construction that it authorizes the action by the fiduciary of another estate to invoke the provisions of this section to recover from the trust estate." (Emphasis ours.)

Later on the same page it is said:

**"The word 'guilty' contained in the above-quoted portion of the section implies wrongful possession. The provision for**

penalty implies that the person wrongfully in possession is kindred to the ones who 'conceal, embezzle or convey it away.' " (Emphasis ours.)

On April 24, 1940 the Supreme Court of Ohio for the first time interpreted §10506-67 et seq GC in the case of **Goodrich v. Anderson, 136 Oh St 509, 17 O. O. 152.** The complaint was filed by the administrator and alleged " '. . . . that C. Frank Anderson is in the possession of moneys, goods, chattels, . . . . of said William H. Anderson . . . .' " It should be noted that there was no allegation that the accused had concealed, embezzled, or conveyed away such assets. The evidence clearly showed that the accused had received the assets which consisted of promissory notes from the decedent about six months before the latter's death which the accused claimed constituted a gift. The complainant contended that the decedent lacked the requisite mental capacity to make such a gift. The dismissal of the complaint in the lower courts was affirmed, and the following statement appears on page 154 of Ohio Opinions.

"The proceeding . . . . may not be used primarily as a substitute for a civil action for a money judgment wherein pleadings are required properly to define the issues."

Also see Syllabus 1. Syllabus 2 is as follows:

"Where, in such proceeding, the defendant is found not guilty of concealing or embezzling assets of the estate of the decedent, the court may not proceed to determine other issues, but has no alternative except to dismiss the complaint."

The Court of Appeals of Montgomery County in re: **Estate of Howard, 79 Oh Ap 203, 34 O. O. 537, 48 Abs 189** (opinion by Judge Wiseman) commented on the Goodrich v. Anderson case as follows:

"In passing it might be well to point out that that opinion has troubled students of probate law. The complaint in that case did not charge 'concealment,' but did charge 'possession.' For that reason the language of the court is difficult to comprehend."

See page 537 of 34 O. O.

In the case at bar the complainants charge that the executrix "has now, or did have, in her possession, **and** has con-

cealed, or conveyed away," assets belonging to the estate. Applying strictly the conclusions in Goodrich v. Anderson, supra, in view of the allegation set forth in the complaint of said case of "possession" and not "concealment," this Court would have to dismiss the complaint in the case at bar as the Court heretofore found that the accused is not guilty of concealment. The Court is of the opinion however that the principles set forth in Goodrich v. Anderson have been extended by the later case of **In Re: Estate of Black, 145 Oh St. 405, 31 O. O. 31** (June 20, 1945) which will be discussed hereafter. While complainants have joined together "possession" and "concealment" by the use of the word "and," the Court will decide the case as if complainants had pleaded one of the statutory grounds in the alternative. For the above reasons the complaint will not be dismissed on the authority of Goodrich v. Anderson.

In the case of **In Re: Estate of Christian, 33 Abs 367** (Court of Appeals of Darke County, December 31, 1940), Syllabus 2 reads as follows:

"Where adult children, without the knowledge or consent of grandchildren, agreed to settle and divide an estate out of court, and one of the adults who took the lead therein assumed the responsibility of paying the grandchildren their respective amounts as they became of age, but failed to do so, an administrator appointed on the application of such grandchildren may bring an action under §10506-67 GC . . . . against the adult who failed to pay the grandchildren, without joining the other heirs."

It should be noted that the assets of the estate were taken by the children, divided, and **disposed of.** The accused obviously was guilty of wrongful conduct. The deceased died December 11, 1923; application for appointment of administrator was made September 4, 1937. The Court of Appeals affirmed the judgment of the common pleas court.

In the case of **In Re: Estate of Johnson, 38 Abs 372,** Court of Appeals of Cuyahoga County, February 23, 1943, the acts of the administrator complained of were somewhat similar to the acts in the case at bar. The administrator, under the belief that his son was the sole heir, and with his consent, gave away certain assets "of comparatively little value," and in addition neglected to show in the inventory certain diamonds valued by administrator at $25.00 and appraised by complainant at $325.00.

The complaint, however, is different than in the case at bar as it charged the administrator "with having fraudulently

concealed, embezzled or conveyed away certain assets . . . ." **No possession was alleged.** The lower court found the administrator not guilty. Verdict was affirmed. Syllabus 1 reads as follows:

". . . . evidence that . . . . he acted with the consent of one whom he believed, under the advice of counsel, to be the sole beneficiary of the estate, that such articles were of comparatively little value, and the absence of evidence of concealment or other circumstances indicative of a fraudulent intent, justifies a finding of 'not guilty.' "

Dicta, pages 374 and 375:

**"While the administrator had no good reason for not including these articles in the inventory of the estate, there is no evidence in the record that he attempted to conceal them from the complainant. . . . . The administrator still has the articles in his possession . . . .**
"It is our opinion that the evidence . . . . does not disclose anything **criminal or quasi-criminal in his conduct** and is not of such character as to justify this court in reversing the judgment of the Probate Court." (Emphasis ours.)

It is to be noted that in the instant case the accused was not acting secretly, but according to the evidence she was proceeding directly with the beneficiaries in a manner calculated to obtain an agreement or consent to the division of jewelry and household articles contrary to the express provisions of the will.

The Supreme Court again passed on the statute under examination in the case of In Re: Estate of Black, supra.

It would serve no purpose to set forth the facts in this case in full as they are not at all similar to the case at bar. Suffice to say that a complaint was filed by the guardian, Wilma Black, against one Ann Tegeder in which it was alleged that she " 'has in her possession and is concealing certain property belonging' " to the ward. The Supreme Court affirmed the Court of Appeals of Hamilton County who found Ann Tegeder not guilty on the ground that the evidence disclosed that title to such property had been transferred to the ward pursuant to a valid agreement prior to the guardianship. The Court very properly held that resort to §10506-67 et seq GC, may not be had to collect a debt, obtain an accounting, or adjudge rights under a contract.

What is pertinent, however, is the law set forth in Syllabus 2 which reads as follows:

"A complaint filed under §10506-67 GC, involves a charge of wrongful or criminal conduct on the part of the person accused "

By reason of this pronouncement of the Supreme Court, it becomes exceedingly important to understand the meaning of "wrongful or criminal conduct," particularly in the instant case which involves a charge that the accused is in possession of assets belonging to the estate, the Court having already found that there was no concealment.

The case of In Re: Estate of Howard, supra, is quite helpful in analyzing the meaning of the Supreme Court's latest pronouncement. The complainant alleged that the accused had " 'concealed, embezzled, or conveyed away moneys . . . .' " The Probate Court of Franklin County found the accused "guilty of withholding certain property mentioned in the complaint . . . ." See 33 O. O. 510. This holding on the face of it constituted a variance, and the Probate Court allowed an amendment of the pleadings to conform to the proof. The accused then made a motion to dismiss which was overruled and which is the ruling complained of. The appeal was based upon the contention that, since these proceedings are quasi-criminal in nature, no amendment of the pleadings should be allowed. The Court of Appeals allowed the amendment and affirmed, as modified, the order of the Probate Court of Franklin County. Following an analysis of the evidence and the Supreme Court cases which have been set out heretofore, the court made the following significant statement on page 196 of 48 Abs.

"It has been held that a complaint under this section involves a charge of wrongful or criminal conduct. In Re Estate of Black, supra; however, **other authorities have held that the complaint is not necessarily based on a criminal act. Lindquist v. Hayes, Admx., 22 Oh Ap 141; Jones v. Whaley, 25 Abs 513. In our judgment the complaint may or may not be based on a wrongful, fraudulent or criminal act, depending on the nature of the charge.**" (Emphasis ours.)

The Court is not certain that it understands the Emphasized portion of the above statement for the reason that in the Lindquist case the Court of Appeals held only that

fraudulent or criminal **intent** is not a necessary element in making out complainant's case. The court said nothing about a "criminal act." Furthermore the Jones case does not seem to be authority for the statement, "other authorities have held that the complaint is not necessarily based on a criminal act." Referring to the amendment of 1932 which added "possession," the court argued that the **conduct** of the accused in withholding assets no longer need be criminal in nature in those situations where "possession" only was alleged. See page **518** of **25 Abs.** Neither **intent** nor the **act** was under discussion in the Jones case, but only the **conduct** of the accused. It appears that this obiter dictum would not be the law in view of the pronouncement in the Black case which holds that wrongful or criminal conduct is involved. This Court is of the opinion that there is a distinct difference between wrongful or criminal **conduct** on the part of the accused which is involved in the charge, the **act** or acts of commission or omission which result from the conduct of the accused, and the presence or absence of **intention** whether wrongful, fraudulent, or criminal. One thing is certain: that as a result of the Supreme Court's holding in the Black case the complaint does involve a charge of wrongful or criminal **conduct.** The Supreme Court said nothing about the **intent** of the accused or the **act** committed by the accused. From the decisions this Court is of the opinion that wrongful, fraudulent, or criminal **intent** need not be shown in any case; nor is it **always** necessary to show that the **act** of commission or omission is wrongful, fraudulent, or criminal as in cases where possession only is alleged; but wrongful or criminal **conduct** on the part of the accused is **always** involved in the charge made by the complaint. This is apparently what the Court of Appeals meant by the language used above; otherwise, their holding would have been contrary to the pronouncement of the Supreme Court in the Black case.

Now continuing from page **197** of **48 Abs** the court say:

"Under this provision the accused may have come into possession of certain assets rightfully, but may wrongfully withhold such assets from the complainant. In such case the wrongful act of which the accused may be found guilty is not the wrongful acquisition of the assets but the act of wrongfully withholding the assets from the complainant. It is true the accused must still be found 'guilty' or 'not guilty' of the charge, and if found 'guilty' the ten per cent penalty must be imposed. The penalty is an extra burden which the

accused must bear for his wrongful retention of such assets. While the proceeding may be quasi criminal in character, in our judgment this statute now provides for litigating a matter which does not involve a criminal act, but which carries with it more of the aspect of a civil than a criminal proceeding."

While the court stated in effect that in some cases **neither** a wrongful **nor** a fraudulent **nor** a criminal act is necessary to constitute a violation of the statute, it nevertheless held that a wrongful withholding of assets from the complainant is sufficient to support a finding of guilty in any complaint where possession is alleged and proved.

The Court in deciding the Howard case brought their holding within the second syllabus of the Black case by the simple device of finding that a charge of "possession" under the statute, while it must be "wrongful," includes a "wrongful withholding" and not necessarily a "wrongful acquisition" of the estate assets by the accused. With this the Court agrees for otherwise the amendment to the statute in 1932 which added the words "of being or having been in the possession of" would have little or no meaning. The same is true for the words of similar import added to §10506-73 GC.

An application to certify the record in the Howard case to the Supreme Court on the ground that it is in conflict with the Court of Appeals case of **In Re: Estate of Black, 75 Oh Ap 294; 31 O. O. 51,** was denied. See **In Re: Estate of Howard, 80 Oh Ap 80, 35 O. O. 447.**

Now the main purpose of citing and commenting on the above cases is made clear. It was to disclose that out of the maze of legal wordage as employed by the courts in determining the guilt or innocence of the accused, there always appears one significant point that every court must decide for itself on the facts presented in support of the complaint: has the conduct of the accused been of a wrongful or criminal nature? This is true even when a question of title is involved which is not in issue in the case at bar.

In summarizing for the purpose of a specific holding, it would appear that the Black case is the last pronouncement of the Supreme Court on the subject. It extends the principles announced in the earlier case of Goodrich v. Anderson. It is important to emphasize that the Black case holds that a complaint filed under §10506-67 GC involves a charge of wrongful or criminal conduct on the part of the person accused which is the same as saying that the party charged is not guilty unless it be proved that his conduct in relation

to the estate assets which are or were in his possession was wrongful or criminal. The Black case seems to include the statutory charge "of being . . . . in the possession of" as well as concealment, both of which were alleged in the complaint filed in said case.

Now the Howard case follows the Black case but clarifies, at least in one respect, the meaning of the words "of being . . . . in the possession of" as it pertains to the Supreme Court's specific holding that wrongful or criminal conduct is involved in the charge. The Howard case actually finds wrongful conduct on the part of the accused present but holds that such conduct may be found from the facts which disclose a wrongful withholding and not necessarily from facts which disclose only a wrongful acquisition. It now appears quite plainly that the statutory charge of "being . . . . in the possession of" may carry a finding of guilty where there has been a "wrongful withholding" or a "wrongful retention" which accompanies the fact of possession. The Court of Appeals has very ably taken the first step in clarifying some of the uncertainties that have grown up in the interpretation of this section.

In the case at bar can it be said that an executrix who obtained possession of the assets rightfully and holds them in her fiduciary capacity can be guilty of a wrongful withholding of assets from the complainants by simply the unexcused failure of listing them in the first inventory when upon demand of complainants and upon advice of counsel she subsequently and within a reasonable time disclosed said assets, all of which are still in her possession lawfully as executrix? This Court does not believe the statute contemplates that a fiduciary under the facts of this case would be guilty of "being . . . . in possession of" assets. It is hardly conceivable that the legislature meant that the mere fact of being in possession of assets would be sufficient to make the accused guilty. Obviously the Supreme Court and our Court of Appeals do not think so. In this Court's opinion there is no doubt that a wrongful withholding and conveyance was contemplated by the accused. But the wrongful intent that executrix had cannot be considered wrongful or criminal conduct when it appears from the evidence that her intention was never carried out even after the original inventory was filed in which she failed to disclose any personal assets of the decedent. She retained possession and upon demand brought the assets into Court upon advise of counsel.

Wherefore, the Court holds that where the property involved is in the possession of the executrix in her fiduciary

capacity and her conduct consists of conversations with the beneficiaries in a manner calculated to obtain an agreement or consent to the division of the articles in question outside of the estate and contrary to the express provisions of the will and of a failure to list such property in the original inventory and where such property was subsequently reported in a supplemental inventory in consequence of a demand by the complainants, the conduct of the executrix does not justify a finding of guilty on the theory that she wrongfully withholds assets which are lawfully in her possession.

Complaint dismissed at cost of complainants. (**Sec. 10506-72 GC.**)

Counsel shall submit an appropriate entry.