LEIBY, Estate of, in re: LEIBY, Admr., Complainant-Appellee,
v. COSGROVE, Respondent-Appellant.

No. 4493.   Decided March 15, 1951.

Noel L. Greenlee, Andrew J. White, Columbus, for appellee.
Matthew L. Bigger, Columbus, for appellant.

## OPINION

By MILLER, J.

This is a law appeal from the judgment of the Probate Court finding the respondent guilty of having been in the possession of moneys of the estate of Robert S. Leiby, deceased, in the sum of $51,470.85, for which judgment was rendered and also the ten per cent penalty as provided by statute. The judgment was entered upon the report of a master commissioner to whom the matter had been referred. The action was instituted by the filing of a complaint under §10506-67 GC. The original complaint charged the respondent with having concealed, embezzled or carried away goods, chattels and things in action or effects of said Robert S. Leiby, deceased. During the course of the hearing an application was made to amend the complaint by inserting the following words "or that she is or has been in the possession of." The application was allowed and we think properly so as it was in conformity with the evidence. See **In re Howard, 79 Oh Ap 210.** But the respondent urges that the complaint does not state a good cause of action for the reason that it charges the respondent with having concealed, etc., goods and effects, etc., "of said Robert S. Leiby, deceased," and not "of such estate" as provided by statute. The law is well established that special statutes are to be strictly construed, but even so we are of the opinion that the wording of the affidavit meets the statutory requirements. All of the effects of Robert S. Leiby became his estate upon his death, so we can see no distinction between the two terms.

It is further urged by the respondent that the Court had no authority to refer the case to a master commissioner. The trial court properly held that the reference to a master was authorized by §10501-33 GC. The Court was of the opinion that §10506-73 GC authorized a jury trial but does not require it; that it may be had only upon request being made for the same, and since no such demand was made the case was properly submitted to the master. This appointment was not in derogation of §11490 GC which is a general statute authorizing the appointment of a master when the case is not triable to a jury. This statute is not applicable here as no demand was made for a jury trial, and unless such demand is seasonably made all trials in the Probate Court, in which a jury

could be demanded, are properly held before the Judge. It is our conclusion that the submission of this matter to a master was permitted by statute.

The respondent urges further that the facts of this case indicate that the action should have been for an accounting instead of proceeding under §10506-67 GC. It therefore becomes necessary to look into the facts presented which may be epitomized as follows:

The respondent, Verda Cosgrove, had been a bookkeeper for the decedent, Robert S. Leiby, from the year 1926 up to the time of his death, some twenty years later; that as such she had charge of the pay roll of all employees; that a check would be drawn for the necessary cash to meet the requirements and she would then distribute the money to the various pay envelopes. In so doing more money was withdrawn from the bank than needed. The master found the following facts which we think were sufficiently supported by the record and therefore not against the manifest weight of the evidence:

1. The respondent, Verda Cosgrove, made withdrawals from the decedent's bank account in excess of pay roll requirements for the years 1944 to and including 1949, to the amount of $51,470.85.

2. The respondent, Verda Cosgrove, retained possession of said funds so withdrawn.

3. Said funds are the property of and belong to the estate of Robert S. Leiby, deceased.

We are of the opinion that the action was properly brought under §10506-67 GC, and that it was not one for an accounting. It involved the possession of assets belonging to the decedent at the time of his death and by virtue of the same it belonged to his estate. There was no relationship or circumstance existing between respondent and decedent which would give rise to a duty to account. The facts found by the master clearly show a wrongful taking or possession of moneys belonging to the decedent, of which he was in complete ignorance up to the time of his death. Therefore, he never lost title to the money involved herein. The very purpose of the statute is to provide a summary means, inquisitorial in nature, to recover specific property or the proceeds thereof belonging to an estate, title to which was in the decedent at the time of his death. **In re Estate of Black, 145 Oh St 405.**

It is also urged by the respondent that her constitutional rights were violated in that she was required to answer questions which tended to incriminate her. We have carefully examined the transcript of the testimony on this subject and we find that many questions were propounded to the witness

over the objection of counsel and the master required her to answer them. It was not until later in the proceeding that the witness personally claimed the privilege. In all cases in which the witness claimed her privilege the master properly passed upon the same allowing it in many instances. The privilege conferred upon a citizen of this state by **Section 10, Article I of our Constitution** is a personal privilege. The objection must be taken by him and cannot be raised by a party to the suit or his counsel. In Jones on Evidence, at Section 890, page 1405, we find a discussion of the matter of privilege which contains the following language:

"We have already seen that the witness may waive the privilege by failing to make timely objection. For still stronger reasons, the privilege is waived, if no objection whatever is made. The privilege is that of the witness; the objection must be taken by him, on his oath, after the question has been asked, and it cannot be raised by a party to the suit or by an attorney. Nor should the court interfere, but should leave the matter with the witness to avail himself of his privilege or not, as he sees fit. There is ordinarily no positive rule of law which requires a court to apprise a witness of his right not to give self-incriminating evidence. However, fair and impartial judges frequently, in proper cases, notify witnesses of their rights in this regard."

In the case of **State v. Cox, 87 Oh St 329, at page 346,** Judge Donahue says:

"The privilege conferred upon a citizen of this state by **Section 10 of Article I of our Constitution** is a personal privilege, and he may waive this privilege if he desires to do so. * * * Merely being compelled to appear in pursuance of a subpoena and to be sworn is no violation of this constitutional privilege. This is all preliminary to his testifying and is not prohibited by the Constitution, and it is only after the administration of the oath that the witness can assert his privilege, for it can only be asserted under the sanction of an oath."

The trial court properly held that the action was not criminal, that the laws governing civil proceedings were applicable. **In re Estate of Howard, 79 Oh Ap 203; Leonard v. State, ex rel. Scott, 3 Oh Ap 313; Lindquist v. Hayes, 22 Oh Ap 141.**

The doctrine of estoppel set forth by the appellant has no application here for the reason that the decedent had no knowledge of any facts which would create an estoppel. The master found from the evidence, and which we think the record supports, that the decedent had no knowledge of the appropriations from the pay roll funds by the respondent.

We find none of the other errors assigned well taken, and the judgment will be affirmed.

HORNBECK, PJ, concurs.
WISEMAN, J, concurs in judgment.

## ON APPLICATION FOR REHEARING

No. 4493. Decided April 18, 1951.

### OPINION

By THE COURT.

This is an application for a rehearing in which we find nothing that was not previously urged by the appellant and which was not given full consideration by this Court. We see no reason for changing our former decision, and the application will be denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.