[Cite as *State v. Harmon*, 2017-Ohio-320.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                           |   | JUDGES:                          |
|---------------------------|---|----------------------------------|
| STATE OF OHIO             | : | Hon. Patricia A. Delaney, P. J.  |
|                           | : | Hon. W. Scott Gwin, J.           |
| Plaintiff-Appellant       | : | Hon. William B. Hoffman, J.      |
|                           | : |                                  |
| -vs-                      | : |                                  |
|                           | : | Case No. 2016AP080042            |
| DIANNA L. HARMON          | : |                                  |
|                           | : |                                  |
| Defendant-Appellee        | : | O P I N I O N                    |


CHARACTER OF PROCEEDING:        Criminal appeal from the Tuscarawas
                                County Court of Common Pleas, Case No.
                                2014CR070140


JUDGMENT:                       Reversed and Remanded


DATE OF JUDGMENT ENTRY:         January 26, 2017


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

R. SCOTT DEEDRICK                       DAN GUINN
Assistant Prosecuting Attorney          104 South Broadway
125 East High Avenue                    New Philadelphia, OH 44663
New Philadelphia, OH 44663

*Gwin, J.,*

{¶1}    Appellant State of Ohio appeals from the August 17, 2016 judgment entry of the Tuscarawas County Court of Common Pleas dismissing the felony indictment against appellee Dianna L. Harmon ["Harmon"].

*Facts and Procedural History*

{¶2}    A concealment action was filed pursuant to Ohio Revised Code 2109.50 in the Tuscarawas County Court of Common Pleas Probate Division by the court appointed fiduciary on June 18, 2013, in the Estate of Paul Harmon, against Harmon and three other family members.   In the June 3, 2014, Magistrate's Decision, adopted by the Court on June 26, 2014, Harmon was found guilty of embezzling funds from the estate and both her and her husband were held jointly and severally liable for the misappropriated funds with the statutorily provided penalty of 10%.

{¶3}    On July 2, 2014, Harmon was indicted by the Tuscarawas County Grand Jury on two counts grand theft in violation of R.C. 2913.02(A)(2) and (3), felonies of the fourth degree.  These offenses are punishable by a prison term of six to eighteen months and a fine of not more than $5,000.

{¶4}    On July 18, 2016, Harmon filed a motion to bar prosecution on the indictment, pursuant to the double jeopardy clause.  On August 17, 2016, the trial court granted the motion and dismissed the indictment with prejudice.

*Assignment of Error*

{¶5}    The state raises one assignment of error,

**{¶6}** "I. THE COURT BELOW ERRED AS A MATTER OF LAW IN DISMISSING THE INDICTMENT AGAINST APPELLEE AND BARRING PROSECUTION BASED UPON THE DOUBLE JEOPARDY CLAUSE."

*Law and Analysis*

**{¶7}** There is no dispute as to the facts underlying this matter. The only issue is a matter of law, whether the Court below erred in granting Harmon's motion dismissing the indictment based upon a double jeopardy prohibition upon the ground that the finding of guilty in the concealment action in the probate court pursuant to R.C. 2109.52 barred the subsequent criminal proceedings.

**{¶8}** "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protects criminal defendants against multiple prosecutions for the same offense. This court has recognized that '[t]he protections afforded by the two Double Jeopardy Clauses are coextensive.'" *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 7, *citing State v. Gustafson*, 76 Ohio St.3d 425, 432, 668 N.E.2d 435(1996).

**{¶9}** The principle behind the Double Jeopardy Clause "'is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for the alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.'" *State v. Roberts*, 119 Ohio St.3d 294, 2008-Ohio-3835, 893 N.E.2d 818, ¶ 11, *quoting Green v. United States*, 355 U.S. 184, 187-188, 78 S.Ct. 221, 2 L.Ed.2d 199(1957). The federal and state constitutions' double jeopardy protection further guards citizens against

cumulative punishments for the "same offense." *State v. Moss*, 69 Ohio St.2d 515, 518, 433 N.E.2d 181(1982). "[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535, 542(1983). *See, also, Moss*, 69 Ohio St.2d at 518, 433 N.E.2d at 184-185. In *Ohio v. Johnson*, 467 U.S. 493, 499, 104 S.Ct. 2536, 81 L.Ed.2d 425(1984), the United States Supreme Court stated:

> Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, *United States v. Wiltberger*, 5 Wheat 76, 93, 5 L.Ed. 37 (1820), the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent, see *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983).

**{¶10}** The Double Jeopardy Clause of the federal constitution "protects only against the imposition of multiple criminal punishments for the same offense, * * * and then only when such occurs in successive proceedings." (Citations omitted.) *Hudson v. United States,* 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450(1997); *State v. Martello*, 97 Ohio St.3d 398, 2002–Ohio–6661, 780 N.E.2d 250, ¶8.

**{¶11}** The Fifth Amendment bars successive prosecutions only if the two offenses for which the defendant is prosecuted are the "same" for double jeopardy purposes. *Heath v. Alabama*, 474 U.S. 82, 87, 106 S.Ct. 433, 88 L.Ed.2d 387(1985). In determining whether an accused is being successively prosecuted for the "same offense," the Ohio Supreme Court has adopted the so called "same elements" test articulated in *Blockburger*

*v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *State v. Zima*, 102 Ohio St.3d 61, 806 N.E.2d 542, 2004–Ohio–1807, ¶ 18, *citing State v. Best*, 42 Ohio St.2d 530, 330 N.E.2d 421 (1975), paragraph three of the syllabus.

{¶12} Under *Blockburger,* "the Double Jeopardy Clause * * * prohibits successive prosecutions for the same criminal act or transaction under two criminal statutes unless each statute 'requires proof of a fact which the other does not.'" *State v. Tolbert*, 60 Ohio St.3d 89, 90, 573 N.E.2d 617 (1991), *quoting Blockburger* at 304. "This test focuses upon the elements of the two statutory provisions, not upon the evidence proffered in a given case." *State v. Thomas*, 61 Ohio St.2d 254, 259, 400 N.E.2d 897 (1980), *overruled on other grounds in State v. Crago*, 53 Ohio St.3d 243, 559 N.E.2d 1353 (1990), *superseded by statute as stated in State v. Anderson, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23.*

**Probate Court action for concealment of assets is not a substitute for criminal proceedings.**

{¶13} R.C. 2109.50 provides that the court or any interested party may file a proceeding in the probate court against any person alleged to have concealed, embezzled, conveyed away or in possession of monies or assets of an estate. A party who is found guilty of misappropriating estate assets can have a judgment in the amount of the proceeds or assets issued against them along with a statutory penalty of 10%. R.C. 2109.52. The statutory concealment action has existed since before the adoption of the Ohio Revised Code. *Art v. Erwin,* 183 Ohio App.3d 651, 2009-Ohio-4306, 918 N.E.2d 207(10th Dist.), ¶36.

{¶14} Probate courts are courts of limited jurisdiction, and probate proceedings are thus restricted to those actions permitted by statute and by the Ohio Constitution. *Corron v. Corron*, 40 Ohio St.3d 75, 531 N.E.2d 708(1988), paragraph one of the syllabus. An R.C. 2109.50 proceeding for the discovery of concealed or embezzled assets of an estate is a special proceeding of a summary, inquisitorial character whose purpose is to facilitate the administration of estates by summarily retrieving assets that rightfully belong there. *In re Estate of Fife*, 164 Ohio St. 449, 132 N.E.2d 185(1956), paragraphs one and two of the syllabus; *Accord, Goldberg v. Maloney,* 111 Ohio St.3d 211, 2006-Ohio-5485, 855 N.E.2d 865, ¶23.

{¶15} R.C. 2109.52 empowers the probate court to conduct a hearing in the concealment proceeding at which the court may determine questions of title concerning the allegedly concealed, embezzled, or conveyed estate assets, to determine whether the person accused is guilty and, if so, to enter judgment against the person found guilty for the amount of the money or value of assets with a 10% penalty *Goldberg v. Maloney,* ¶ 27. The complainant must show, by a preponderance of the evidence, that the defendant received money or other assets of an estate claimed to have come into her hands and that she concealed, embezzled, or conveyed it away. *In re Woods Estate*, 110 Ohio App. 277, 167 N.E.2d 122 (10th Dist.1959); *Accord, In re Gordon Estate,* 5th Dist. Richland No. 13-CA-77, 2014-Ohio-2078, ¶22.

{¶16} The Ohio Supreme Court has held that an action under the statute necessarily involves a charge of wrongful or criminal conduct on the part of the person accused. *In re Black's Estate,* 145 Ohio St. 405, 62 N.E.2d 90 (1945), paragraph two of the syllabus. However, even though the proceeding under R.C. 2109.50 is quasi-criminal

in nature, it does not involve the litigation of a criminal act. *Wozniak v. Wozniak,* 90 Ohio App.3d 400, 412, 629 N.E.2d 500(9th Dist. 1993); *In re Howard's Estate*, 79 Ohio App. 203, 213, 72 N.E.2d 502(2nd Dist. 1947) (interpreting former Gen. Code 10506-67); *In re Leiby,* 60 Ohio Law Abs. 245, 101 N.E.2d 214, 217(2nd Dist. 1951), *reversed on other grounds,* 157 Ohio St. 374, 105 N.E.2d 583. As has been noted,

> The purpose of the statute under which this proceeding was taken was not to furnish a substitute either for criminal proceedings for embezzlement or for a civil suit to recover judgment for money owing to an executor of an estate, but rather to provide a speedy and effective method for the probate court to discover assets belonging to the estate of a decedent and to promptly secure same for the purpose of administration.

*Leonard v. State, ex rel. Scott,* 3 Ohio App. 313, 314-325, 20 Ohio C.C. (N.S.) 340 (1st Dist. 1914)(interpreting former Gen. Code 10673). Our brethren in the Twelfth District have observed,

> Next Appellant argues that the proceedings in the probate division were brought under R.C. 2109.52 which is a quasi-criminal proceeding which could have resulted in the imprisonment of Appellant and by reason thereof, double jeopardy applies to prevent the prosecution by the State. Appellant misconstrues R.C. 2109.50 et seq. R.C. 2109.52 authorizes the probate court to render judgment for money taken from the trust estate. There is no authority to imprison the wrongdoer for the theft. The only authority to confine is found in R.C. 2109.51 where the court is authorized to commit a person to the county jail for refusing to answer interrogatories.

These statutes do not give the probate division jurisdiction to determine guilt

or innocence of a crime or to punish on a determination of guilt.  We reject

Appellant's double jeopardy argument.

*State v. Garretson,* 12th Dist. Warren No. CA98-03-023, 1998 WL 873004(1998), at *2.

**The 10% penalty imposed under R.C. 2109.52 does not transform a concealment action into a criminal case.**

{¶17}  Under R.C. 2109.52, if the accused is found guilty, "the probate court shall render judgment in favor of the fiduciary or if there is no fiduciary in this state, the probate court shall render judgment in favor of the state, against the person found guilty, for the amount of the moneys or the value of the personal property or choses in action concealed, embezzled, conveyed away, or held in possession, together with ten per cent penalty and all costs of the proceedings or complaint…"

The penalty is an extra burden which the accused must bear for his

wrongful retention of such assets.  While the proceeding may be quasi

criminal in character, in our judgment this statute now provides for litigating

a matter which does not involve a criminal act, but which carries with it more

of the aspect of a civil than a criminal proceeding.

*In re Howard's Estate,* 79 Ohio App. 203, 72 N.E.2d 502, 507-508(2nd Dist. 1947)(construing Gen. Code 10506-67).

{¶18}  The Supreme Court outlined the framework for distinguishing between civil and criminal penalties in *Hudson v. United States*, 522 U.S. 93, 99–100, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997).  Under it, this Court must first evaluate whether the legislature enacting the law intended to impose a criminal or civil sanction.  Id. at 99.  The Court may

consider three prongs in determining legislative intent: the purpose or objective of the legislation, the manner of its codification, and the enforcement procedures it establishes. *Smith v. Doe*, 538 U.S. 84, 93–94, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003).

**{¶19}** If the legislature intended to create a civil penalty, the *Hudson* test then asks whether the purpose or effect of the law was nonetheless "so punitive either in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty." *Hudson*, 522 U.S. at 99 (citation and internal quotation marks omitted). The Supreme Court has identified several "useful guideposts" for that inquiry:

1) Whether the sanction involves an affirmative disability or restraint;

2) Whether it has historically been regarded as a punishment;

3) Whether it comes into play only on a finding of scienter;

4) Whether its operation will promote the traditional aims of punishment—retribution and deterrence;

5) Whether the behavior to which it applies is already a crime;

6) Whether an alternative purpose to which it may rationally be connected is assignable for it; and

7) Whether it appears excessive in relation to the alternative purpose assigned.

Id. at 99–100 (*citing Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 168–69, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963)). These factors are neither dispositive nor exhaustive. *Smith,* 538 U.S. at 97. The Supreme Court has instructed that they "must be considered in relation to the statute on its face, and only the clearest proof will suffice to override legislative intent." *Hudson,* 522 U.S. at 100 (citation and internal quotation marks omitted).

### The *Hudson* test and R.C. 2109.52

#### a. Legislative Intent.

**{¶20}** As the Supreme Court has noted, the purpose of the action under R.C. 2109.50 is to facilitate the administration of estates by summarily retrieving assets that rightfully belong there. *Goldberg v. Maloney,* 111 Ohio St.3d 211, 2006-Ohio-5485, 855 N.E.2d 865, ¶23. However,

> [T]he inquiry under R.C. 2109.50 focuses on the ownership of the asset and whether possession of the asset is being impermissibly concealed or withheld from the estate. Thus, a plaintiff has stated an actionable cause under R.C. 2109.50 if he alleges that the asset is the exclusive property of the estate and that the defendant has unauthorized possession of the asset or in some way has impermissibly disposed of it.
>
> *See Fecteau*, 171 Ohio St. at 125, 12 O.O.2d at 141, 167 N.E.2d at 893.

*Wozniak v. Wozniak,* 90 Ohio App.3d 400, 407, 629 N.E.2d 500(1993); *see, also, In re Morrison's Estate*, 159 Ohio St. 285, 112 N.E.2d 13(1953), syllabus ("By the Constitution and statutory enactments, the Probate Court is invested with the power and jurisdiction to adjudicate a matter relating to the title to and status of personal property, where, during the administration of a decedent's estate in such court, decedent's widow files her petition asking for a declaration that certain personal property is an asset of the estate and must be administered as such, as against the claim that such property was effectually disposed of by the decedent during his lifetime through a written declaration of trust."). Thus, a probate court has jurisdiction over an action brought pursuant to R.C. 2109.50 to recover funds passed to a third party by inter vivos transaction when the validity of the underlying

transfer is challenged. *Tewksbury v. Tewksbury,* 4th Dist. Pike No. 07CA771, 2008-Ohio-4600¶19 citing, *Rudloff v. Efstathiadis*, 11th Dist. Trumbull No. 2002-T-119, 2003-Ohio-6686, ¶ 8. "[A]lthough property that passed by inter vivos gift or transaction is not property of the estate retrievable by an executor under R.C. 2109.50, the probate court can determine that the inter vivos gift or transaction was invalid, in which case the property is an asset of the estate retrievable by R.C. 2109.50." *Harrison v. Faseyitan*, 159 Ohio App.3d 325, 2004-Ohio-6808, 823 N.E.2d 925(7th Dist.), ¶ 36. The donee must show, by clear and convincing evidence that the donor intended to make a gift. *Fife*, 164 Ohio St. at 456, 132 N.E.2d 185; *Tewksbury*, 2008-Ohio-4600, ¶34.

**{¶21}** The concealment statute is contained with the Probate Code of the Ohio Revised Code, separate and apart from the criminal code. *See, e.g., Kanas v. Hendricks*, 521 U.S. 346, 361, 117 S.Ct. 2072, 138 L.Ed.2d 501(1997) (noting a state legislature's "objective to create a civil proceeding [was] evidenced [in part] by its placement of the [legislation] within the [state] probate code, instead of the [state] criminal code").

**{¶22}** Having considered the statute, we find that the legislative intent was to create a civil sanction, despite the absence of language explicitly expressing that intent.

### b. Consideration of the relevant factors

**{¶23}** Having found the intent to impose civil liability, the Court must now consider whether there is "the clearest proof" that the law, on its face, is so punitive as to override the legislative intent and, in effect, impose a criminal penalty. The Court does so by addressing each of the *Hudson* factors.

#### 1). Affirmative Disability of Restraint

**{¶24}** Applying the first of the *Hudson* factors, the sanction imposed by R.C. 2109.52 is not an affirmative disability or restraint. A "minor and indirect" disability is generally not considered punitive. *Smith*, 538 U.S. at 101. The only penalty the statute authorizes is a 10% penalty and all costs of the proceeding. It does not allow notation on an offender's criminal record or any other penalty, and it certainly does not authorize physical detention or imprisonment, the "paradigmatic affirmative disability or restraint." *Smith,* 538 U.S. at 101. The Supreme Court, in finding that a fine did not impose an affirmative disability or restraint, stated that "the payment of fixed or variable sums of money [is a] sanction which ha[s] been recognized as enforceable by civil proceedings since the original revenue law of 1789." *Hudson,* 522 U.S. at 104.

### 2). Historically Regarded as Punishment.

**{¶25}** Second, relatively small monetary fines have not historically been regarded as punishment. *Hudson*, 522 U.S. at 104. This factor suggests that the statute is civil in nature.

### 3). Requirement of Scienter.

**{¶26}** The statute does require wrongful, fraudulent or criminal *conduct. In re Black's Estate,* 145 Ohio St. 405, 62 N.E.2d 90 (1945), paragraph two of the syllabus. However, criminal *intent i*s not always required,

> Culpability under R.C. 2109.52 turns upon whether the defendant has unauthorized possession of an estate asset or in some way has impermissibly disposed of an estate asset. *Goldberg v. Maloney*, 111 Ohio St.3d 211, 2006-Ohio-5485, 855 N.E.2d 856, ¶ 35, *quoting Wozniak v. Wozniak* (1993), 90 Ohio App.3d 400, 407, 629 N.E.2d 500. A financial

institution impermissibly disposes of an estate asset if it conveys an estate asset in its possession to an unauthorized individual. *Art [v. Erwin,* 183 Ohio App.3d 651, 2009-Ohio-4306, 918 N.E.2d 207 (10th Dist.)], ¶ 15; *Rinehart v. Bank One, Columbus, N.A.* (1998), 125 Ohio App.3d 719, 728, 709 N.E.2d 559. To prove a financial institution's culpability under R.C. 2109.52 for such an action, the interested party must establish three elements: (1) the financial institution made a conveyance (2) of assets belonging to the trust estate (3) to a party unauthorized to take possession of the assets. *Art* at ¶ 15; *In re Estate of Popp* (1994), 94 Ohio App.3d 640, 647, 641 N.E.2d 739.

*Art v. Erwin*, 194 Ohio App.3d 421, 2011-Ohio-2371, 956 N.E.2d 879, ¶ 22 (10th Dist.); See also, *Kish v. Kish,* 7th Dist. Mahoning No. 05 MA 186, 2006-Ohio-4686; *In re Estate of Clay,* 3rd Dist. Mercer No. 10-98-12, 1999 WL 84318(Feb. 3, 1999), fn. 1; *In re Howard's Estate,* 79 Ohio App. 203, 72 N.E.2d 502 (2nd Dist. 1947); *Lindquist V. Hayes,* 22 Ohio App. 141, 144-145, 153 N.E. 297(6th Dist. 1926); *State ex rel. Snearer v. Packer*, 4 Ohio Op. 347, 1 Ohio Supp. 156, 1935 WL 1432 (Prob. Ct. 1935).

### 4). Promoting the Traditional Goals of Punishment.

**{¶27}** Fourth, the Court considers whether R.C. 2109.52 promotes the traditional aims of punishment, retribution and deterrence. The statute uses monetary penalties to deter behavior that threatens the assets of an estate. This factor therefore supports a contention that the statute imposes a criminal sanction.

### 5). The Conduct is Also a Crime.

**{¶28}** The fifth factor similarly weighs against labeling the sanction as civil: embezzlement is a crime under the Ohio Revised Code.

### 6). Rationally Related to an Alternative Purpose.

**{¶29}** The sixth factor is whether R.C. 2109.52 is rationally connected to a non-punitive purpose. The statute relates to preserving and protecting assets of a decedent's estate by penalizing, and thus seeking to deter, those who would withhold assets from the estate. The statute need not be perfectly tailored to these non-punitive aims; it simply must be rationally related so as to avoid the appearance that the non-punitive purpose is "a sham or mere pretext." *Smith*, 538 U.S. at 103 (internal quotation marks omitted). Because it is rationally related to the legitimate non-punitive purpose of protecting estate assets, this factor weighs in favor of labeling R.C. 2109.52 as civil.

### 7). Excessive in Relation to the Alternative Purpose.

**{¶30}** The seventh, related inquiry is whether the penalties appear excessive to the non-punitive purpose. The Court finds that the penalty is not excessive, particularly in light of the fact that the statute does not impose criminal responsibility on the accused. This final factor weighs in favor of labeling the statute as civil.

### 8). Administrative Label for the Offense.

**{¶31}** The Court notes one additional, troubling factor that was not addressed in the *Hudson* case. R.C. 2109.25 requires a finding of "guilty" to describe someone who violates the statute. "If the court finds the party guilty, the total monetary value of a judgment rendered under this section is to be reduced by the value of any goods specifically restored or returned in kind. Even though the value of the judgment is thus

reduced, the total amount of the judgment, including penalty and costs (which include attorney's fees) would not be satisfied by merely restoring the goods. Penalty and costs are not cancelled by the restoration of the goods." *In re Estate of Rotilio,* 7th Dist. Belmont No 11 BE 9, 2013-Ohio-2878, ¶10. However, we note that it is universally held that the standard of proof in an action under R.C. 2109.2 is a preponderance of the evidence and not proof beyond a reasonable doubt. "The Act itself does not require the procedures adopted to contain any safeguards associated with the criminal process. That leads us to infer that the legislature envisioned the Act's implementation to be civil and administrative. By contemplating "distinctly civil procedures," the legislature "indicate[d] clearly that it intended a civil, not a criminal sanction." [*United States v.] Ursery*, 518 U.S. [267,] at 289, 116 S.Ct. 2135 [135 L.Ed.2d 549(1996)] (internal quotation marks omitted; alteration in original)." *Smith v. Doe,* 538 U.S. 84, 96, 123 S.Ct. 1140, 155 L.Ed.2d 164(2003).

**{¶32}** To be cautious, we will nonetheless construe this factor against the labeling of the statute as civil.

### c. Weighing the Factors to Determine the Law's Purpose and Effect

**{¶33}** In the case at bar, five of the seven *Hudson* factors suggest that the ordinance is civil. Included in this number is the inquiry into whether the ordinance serves a non-punitive purpose, a "most significant factor," according to the Supreme Court. *Smith*, 538 U.S. at 102.

**{¶34}** The two *Hudson* factors suggesting a criminal penalty—its function as a deterrent and the criminalization of the same conduct—are not sufficient to override legislative intent. As the Supreme Court has found, "the mere presence of [a deterrent]

purpose is insufficient to render a sanction criminal, as deterrence may serve civil as well as criminal goals." *Hudson*, 522 U.S. at 105 (internal quotation marks omitted). Additionally, the Supreme Court has held that the fact that conduct may also be criminal "is insufficient to render [the penalties] criminally punitive." Id. at 105; *accord Gardner v. City of Columbus,* 841 F.2d 1272, 1277 (6th Cir. 1988) ("[T]he fact that a legislature has imposed both a civil and a criminal sanction for the same act does not transform the civil penalty into a criminal penalty.").

**{¶35}** Nor does this Court find that the statute's use of the term "guilty" so transforms R.C. 2109.52 so as to render it "so punitive either in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty." *Hudson*, 522 U.S. at 99. We note that R.C. 2109.52 has historically been considered a civil action. *In re Guardianship of Lindsey,* 12th Dist. Preble No. CA2105-01-004, 2015-Ohio-4235, ¶18-19; *State v. Garretson,* 12th Dist. Warren No. CA98-03-023, 1998 WL 873004(Dec. 7, 1998); *Kasick v. Kobelak,* 184 Ohio App.3d 433, 2009-Ohio-5239, 921 N.E.2d 297 (8th Dist.), ¶13 [Rules of Civil Procedure govern proceeding under R.C. 2109.50]; *In re Estate of Popp,* 94 Ohio App.3d 640, 647, 641 N.E.2d 739(8th Dist. 1994) [Rules of Civil Procedure govern proceeding under R.C. 2109.50]; *Wozniak v. Wozniak*, 90 Ohio App.3d 400, 411, 629 N.E.2d 500(9th Dist. 1993); *In re Leiby's Estate,* 60 Ohio Law Abs. 245, 248, 101 N.E.2d 214(2nd Dist. 1951) *rev'd on other grounds*, 157 Ohio St. 374, 105 N.E.2d 583(1952); *In re Meyer's Estate,* 53 Ohio Law Abs. 97, 82 N.E.2d 856(Probate Ct. 1948); *In re: Howard's Estate,* 80 Ohio App. 80, 72 N.E.2d 502, 508(2nd Dist. 1947) [Rules of Civil Procedure govern proceeding under R.C. 2109.50].

**{¶36}** The Court therefore finds that the 10 % penalty is civil in nature.

**{¶37}**  Accordingly, the trial court erred in dismissing the felony indictment against Harmon.  A concealment action under R.C. 2109.50 and R.C. 2109.52 does not bar a subsequent criminal proceeding under the double jeopardy clause.

**{¶38}**  The state's sole assignment of error is sustained.

**{¶39}**  The judgment of the Tuscarawas County Court of Common Pleas is reversed.  Pursuant to Section 3(B) (2), Article IV of the Ohio Constitution and R.C. 2953.07, this case is remanded for proceedings in accordance with our opinion and the law.

By Gwin, J.,

Delaney, P.J., and

Hoffman, J., concur