IN RE APPLICATION OF HOWARD.

[Cite as *In re Application of Howard,*
**111 Ohio St.3d 220, 2006-Ohio-5486.**]

(No. 2006–0755—Submitted June 20, 2006—Decided November 8, 2006.)

———————

**Per Curiam.**

{¶ 1} On August 16, 2004, Micheal Habib Howard applied to register as a candidate for admission to the practice of law in Ohio. On November 3, 2004, he applied to take the February 2005 Ohio bar examination. The applicant was granted a waiver of the November 1 application deadline on the condition that the Board of Commissioners on Character and Fitness approved his character, fitness, and moral qualifications three weeks prior to the examination.

{¶ 2} On June 6, 2005, the Admissions Committee of the Toledo Bar Association disapproved the applicant's qualifications, citing his criminal record and the fact that he had committed an honor-code violation in law school. The applicant appealed, and a panel of the board heard the cause on December 14, 2005.

{¶ 3} Based on the application materials submitted prior to and at the hearing, the board recommended that the applicant be disapproved but that he be permitted to "reapply for the July 2007 Bar Examination upon the filing of a new application and re-interview [with] the Admissions Committee of the Toledo Bar Association." The applicant has not objected to the board's findings of fact or recommendation.

{¶ 4} On review, we agree that this applicant has not shown that he is a proper candidate for admission to the practice of law in this state.

{¶ 5} An applicant has the burden to prove by clear and convincing evidence that he or she possesses the requisite character, fitness, and moral qualification for admission to the practice of law. Gov.Bar R. I(11)(D)(1). An applicant's record of conduct must justify "the trust of clients, adversaries, courts and others with respect to the professional duties owed to them" and demonstrate that the applicant "satisfies the essential eligibility requirements for the practice of law" as defined by law. Gov.Bar R. I(11)(D)(3). To ensure that the record does not manifest "a significant deficiency in the honesty, trustworthiness, diligence or reliability" of an applicant, the rule lists several factors that weigh against approval, including whether the applicant has committed any crimes, engaged in academic misconduct, or has habitually disregarded the law in a pattern of behavior. Gov.Bar R. I(11)(D)(3)(a), (d), and (f).

{¶ 6} This applicant's bar examination and admission materials are saturated with these three ethical impediments. First, the applicant has a troubling criminal record of misdemeanor convictions. He pleaded no contest in 1997 to obstructing official business, he was convicted in 1999 for disorderly conduct, and he was convicted again in 2000 for attempted possession of marijuana. Of equal concern are the many other times that the applicant was accused of criminal conduct, even though the charges were dismissed. From 1995 until 2001, the applicant's record reveals charges for assault and battery, underage possession of

alcohol, possession or use of marijuana, burglary, and aggravated menacing, as well as multiple traffic offenses and criminal building-code violations.

{¶ 7} At the hearing, the applicant assured the panel that when he decided to become a lawyer, he had changed his lifestyle and turned over a new leaf. The board was not convinced, noting that the applicant had been charged with four crimes in 2001, just about the time he was accepted into law school. We share the board's skepticism.

{¶ 8} The applicant also has a significant record of academic misconduct. On June 2, 2003, after his purported reformation, the applicant was suspended for a semester from the University of Toledo College of Law because he plagiarized material for a writing assignment. While an undergraduate, the applicant was also issued a "letter of warning" for copying another student's homework assignment during the 1995 autumn quarter at the Ohio State University.

{¶ 9} The applicant also tended to avoid or shade the truth during the character and fitness proceedings, which constitutes a false statement or an omission to be considered under Gov.Bar R. I(11)(D)(3)(h). The board doubted the applicant's credibility because he was vague and evasive when answering questions about his criminal record. So do we.

{¶ 10} As one example, the board referred to the assault and aggravated-menacing charges against the applicant, conduct that evidently arose out of an altercation between the applicant and a former girlfriend in a bar. The charges were ultimately dismissed because the complaining witnesses, the girlfriend and a friend who was with her in the bar, did not appear for the trial. Upon initial inquiries at the panel hearing, the applicant claimed that he did not recall the specifics of the incident other than that he had thrown a drink at a woman and had told another woman that he was going to kill her. After more intense questioning, however, the applicant reluctantly remembered precisely who the women were and that his former girlfriend had also accused him of having grabbed her arm and having thrown her against a wall.

{¶ 11} Similarly, the board was not impressed with respondent's explanation for why he had pleaded guilty to the marijuana-possession charge. The applicant had been charged with felony drug possession because authorities found approximately half a pound of marijuana in his bedroom while executing a search warrant on his family's home. The applicant denied all responsibility for the marijuana, which he said belonged to one of his brothers, and claimed that he was living at his summer cottage at that time. The applicant nevertheless pleaded guilty to the reduced misdemeanor charge, purportedly on his lawyer's advice that the applicant would be charged even if he inculpated his brother.

{¶ 12} Evidence also suggested that the applicant had not been forthright and candid when he initially discussed his law school honor-code violation with

members of the bar association. According to the chairman of the bar admissions committee that interviewed the applicant, he first suggested that his plagiarism involved only an initial draft of a paper and that he had not understood that copying was unacceptable in his preliminary work. The applicant's law professor, however, confirmed to the committee that the applicant had plagiarized material in both the draft and the final version of his paper.

{¶ 13} Finally, we also share the board's reservations about the applicant's asserted lack of responsibility for rental property that he co-owned. The applicant at one time owned various rental properties jointly with his brothers, and they eventually formed the Four Howards, L.L.C., to manage it. While he was co-owner, the applicant was sued relative to several property disputes. The applicant claimed that he was named by mistake, inasmuch as he was a law student at the time, had held only lower-level jobs in his brothers' business, and was not actively involved in managing their property. Attached to one of the complaints against the Four Howards, however, is an October 2003 letter to a tenant that the applicant signed as "President of Four Howards, L.L.C."

{¶ 14} In summary, the board concluded:

{¶ 15} "[T]he past record of conduct of the applicant * * * seems to reflect a pattern of disregard for the law and action that involves deceit or misrepresentation. These concerns are only magnified by the seemingly evasive and less than candid demeanor of the applicant during the hearing. While counsel for the applicant sought to explain this by arguing that Mr. Howard was simply nervous, not evasive, the Board disagrees. The Board remains unconvinced that the applicant was being candid, forthright and open during the hearing before the panel. He appeared to be withholding information and making it difficult to obtain a full and complete picture of his various activities. The Board, therefore, concludes that the applicant does not currently possess the requisite character, fitness and moral qualifications for admission to the practice of law."

{¶ 16} We adopt the board's findings and recommendation to disapprove applicant's request. We make no finding as to whether the applicant can rehabilitate his character, fitness, and moral qualification, however, or as to when rehabilitation might permit him to reapply as a candidate for admission pursuant to Gov.Bar R. I(2). Accordingly, the application to register as a candidate for admission to the Ohio bar is therefore disapproved.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Robison, Curphey & O'Connell, L.L.C., and David W. Stuckey, for relator.

Arnold, Caruso, Green & Belazis, Ltd., and James D. Caruso; and Norman A. Abood, for applicant.